## 65211. EDWARDS v. THE STATE.

POPE, Judge.

Alonzo X. Edwards brings this appeal from his conviction of the armed robbery of Sandra's House of Style, a hairdressing shop. He enumerates as error only the trial court's denial of his motion to suppress evidence seized from his person at the time of his arrest.

Appellant was stopped by a police officer while walking down a street shortly after the subject armed robbery had been reported. The officer testified, "The reason I stopped the man [appellant] was I thought he was armed, carrying a concealed weapon. That was the reason I stopped him. I come down the lane, I seen the man who matched the description [of the robbery suspect] — a vague description, but the clothes were not the same; however, this man had a bulge under his shirt that I thought to be . . . a weapon, and I thought that I had run up on a separate incident altogether from [the armed robbery]. I stopped him strictly because I believed he was carrying a concealed weapon, not because of the look-out." Appellant's shirt was hanging out rather than tucked in. The officer continued, "It [the bulge] looked like a pistol under his shirt, the butt of a pistol. It was in an area normally carrying a concealed weapon . . . [in the] right front, right at the waistband . . . [P]art of it was down, you could see it protruding below his waistband and angled back . . . It looked like an

automatic pistol." The officer stated that he approached appellant with his gun drawn, kept his eyes and his gun on appellant, reached toward appellant with his left hand, pushed up appellant's shirt, and grabbed the article concealed thereunder. The seized article was a zippered bag which was open so that the officer could see inside. "[T]he thing on top was a check made out to Sandra's House of Beauty or Beauty Shop, something like that." Appellant was then placed under arrest.

"The Supreme Court of the United States has held that when a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person within the meaning of the Fourth Amendment. Terry v. Ohio, 392 U.S. 1, 16 (88 SC 1868, 20 LE2d 889) (1968). To justify a warrantless intrusion of this nature, the state must be able to point to specific and articulable facts, which, together with rational inferences drawn therefrom, reasonably warrant the intrusion. [Cits.]

"What is demanded of the police officer, as the agent of the state, is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing." *Brisbane v. State,* 233 Ga. 339, 341 (211 SE2d 294) (1974). Appellant contends that he was displaying no suspicious conduct which would have led the arresting officer to suspect criminal activity. Further, he argues that the mere fact of a bulge in his clothing, standing alone, did not justify the stop and search.

We note at the outset that the fact that the officer had his weapon drawn at the time he stopped appellant was reasonable under the circumstances in this case and did not, in and of itself, transform the stop and search into an illegal arrest. "An officer may take appropriate self-protective measures when he lawfully confronts an individual and reasonably believes him to be armed or otherwise dangerous to the officer or others. The usual police response will be to conduct a frisk, patting the individual's clothing in search of a weapon. [Cits.] Where an immediate frisk is not feasible, however, the officer will be justified in approaching the suspect with weapon drawn or at the ready. [Cits.] The key question in all cases remains whether the protective measures taken by the officer were reasonable under the circumstances." People v. Finlayson, 76 App. Div. 2d 670, 678-9 (431 NYS2d 839) (1980), cert. den., 450 U.S. 931 (1981). See United States v. White, 648 F2d 29 (2) (D.C. Cir.), cert. den. 454 U.S. 924 (1981); United States v. Richards, 500 F2d 1025 (3) (9th Cir. 1974), cert. den. 420 U.S. 924 (1975).

The arresting office testified that the bulge under appellant's shirt at the waist appeared to be an automatic pistol. The carrying of a concealed weapon is a crime in this state. Code Ann. § 26-2901 (now

OCGA § 16-11-126). We conclude, therefore, that the officer had a "founded suspicion" justifying his stop of appellant. United States v. Gidley, 527 F2d 1345 (2) (5th Cir.), cert. den., 429 U.S. 841 (1976); see United States v. Mireles, 583 F2d 1115 (10th Cir.), cert. den., 439 U.S. 936 (1978); United States v. Williamson, 567 F2d 610 (4th Cir. 1977); see also People v. De Bour, 40 NY2d 210, 220 (352 NE2d 562, 570; 386 NYS2d 375, 383) (1976). Thus, the trial court did not err in denying appellant's motion to suppress.

*Judgment affirmed. Deen, P. J. and Sognier, J., concur.*

DECIDED FEBRUARY 23, 1983.

*Clark Smith,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.