70815. FIELDS v. THE STATE.
(335 SE2d 466)

BIRDSONG, Presiding Judge.

The defendant, Gary Fields, appeals his conviction for the offense of aggravated assault. Fields was removed from his job by his brother, and Kevin Portman was hired to replace him. On the following day, Fields came to the job site and shot Portman in the back and the head with a .22 caliber rifle. There was testimony that Fields suffered from epileptic seizures. However, Dr. M. A. Bosch, the psychiatrist in charge of the forensic psychiatric services at the Georgia Regional Hospital in Savannah, testified that defendant's electroencephalogram was normal and there was no indication he could not distinguish right from wrong at the time of the offense. Dr. Bosch indicated that approximately 15 percent of individuals who have epilepsy have normal electroencephalograms. *Held*:

The defendant contends the trial court erred in not granting a motion for mistrial following Dr. Bosch's statement that he had examined the defendant while in jail. We find no error. After the state had completed direct examination of Dr. Bosch, counsel for defendant asked the doctor how long he examined the defendant. The witness replied "thirty or forty minutes." Counsel said: "Thirty or forty minutes?" The doctor responded: "Now, let me say this, if you don't mind and — A. I mind." The court permitted the witness to explain that he wanted "to clarify why I saw him just for forty minutes . . . I saw this man with this particular person for about thirty to forty minutes in the Chatham County Jail. That's all I wanted to say."

The procedure followed was not error for several reasons. The answer elicited by the defense was in explanation of his answer. A witness is entitled to explain his answer. *Northwestern Univ. v. Crisp*, 211 Ga. 636 (9) (88 SE2d 26); *Calhoun v. State*, 135 Ga. App. 609, 610 (218 SE2d 316); *Brown v. Wilson*, 55 Ga. App. 262 (2) (189 SE 860). Although counsel argues that the witness' answer was not responsive,

it was consistent with the line of questioning pursued by the defense counsel and was given in justification for the attempted attack upon his diagnosis by showing that he spent only thirty to forty minutes examining the defendant. The explanatory answer was admissible for this purpose. *Jamison v. State*, 164 Ga. App. 63, 65 (295 SE2d 203).

In addition, the initial investigating police officer testified that he had arrested the defendant at the scene. Such testimony is clearly indicative that he took the defendant to jail. Thus, inasmuch as there is other unobjected evidence that defendant had been placed in jail, it was not harmful to admit the same evidence over objection. *Tuggle v. State*, 149 Ga. App. 844, 845 (256 SE2d 104); *Glass v. State*, 235 Ga. 17, 19 (218 SE2d 776). Furthermore, evidence that an accused is presently confined in jail does not place his character in evidence. *Baker v. State*, 245 Ga. 657 (4) (266 SE2d 477); *Williams v. State*, 242 Ga. 757 (2) (251 SE2d 254); *Dollar v. State*, 149 Ga. App. 97 (3) (253 SE2d 461).

The trial court did not err in denying the defendant's motion for mistrial.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 20, 1985.

*Michele Henderson, Gary M. Wisenbaker*, for appellant.

*Spencer Lawton, Jr., District Attorney, James B. Ashby, David T. Lock, Assistant District Attorneys*, for appellee.