## 75840. BROOKS v. THE STATE.
(369 SE2d 349)

POPE, Judge.

Defendant James Lee Brooks was convicted of two counts of forgery in the first degree (OCGA § 16-9-1) and four counts of forgery in the second degree (OCGA § 16-9-2). Upon a showing of indigence, counsel was appointed to represent defendant. In his affidavit of indigence, defendant noted that he wished the assistance of court-appointed counsel but reserved the right to represent himself as a pro se litigant. The original defense counsel filed a motion to withdraw, which was consented to by defendant, and the court appointed a second counsel on March 9, 1987. Nevertheless, defendant persisted in filing motions with the court on his own behalf. On March 17, 1987 defendant filed a pro se demand for speedy trial pursuant to OCGA § 17-7-170. Thereafter, on March 31, 1987, defendant filed a pro se pleading in which he moved to secure the assistance of an expert document examiner as part of his defense. Within the body of the motion, defendant stated his court-appointed counsel had refused his request to seek the services of an expert witness. Although it was not contained within the official record certified by the clerk of the trial court, we note that defendant attached to his pro se appellate brief a

copy of a letter dated April 10, 1987 purportedly sent to the trial judge informing the judge that he had filed a pro se motion for the services of an expert witness and requesting the court's assistance in obtaining such a witness. The brief also contains what appears to be an original letter on the stationery of the trial court judge, signed by the court administrator, informing defendant that the judge could not provide defendant with legal assistance and advising defendant to direct his question and all documents filed in his case to his court-appointed attorney. At trial the police detective testified that he was not informed by defendant's attorney of the request for an expert handwriting analysis until two weeks before trial. A handwriting sample was promptly obtained but the case was tried, pursuant to defendant's demand for trial, before the results of a handwriting analysis could be obtained. No motion was made to continue the trial.

In his pro se appeal, defendant maintains he was improperly denied the right to present expert testimony as a part of his defense. Defendant also alleges numerous other errors, including the assertion that he was denied effective assistance of counsel at trial.

1. A criminal defendant no longer has a right under the constitution of this state to "hybrid" representation, partly by himself and partly by counsel. *Heard v. State*, 173 Ga. App. 543 (1) (327 SE2d 767) (1985). Neither is such a right provided by federal law. *United States v. Shea*, 508 F2d 82 (5th Cir.), cert. den., 433 U. S. 847 (1975). Defendant in this case was provided with court-appointed counsel and did not waive his right to counsel; his attempt to preserve his right also to represent himself was void. The court did not err in failing to rule on defendant's pro se request for an expert witness and the court properly instructed defendant to direct his request to his court-appointed counsel. We find no merit in defendant's first two enumerations of error.

2. Defendant's original appeal was dismissed as untimely made because it was filed before the lower court ruled on the pending motion for new trial. Once the motion for new trial was denied, we reinstated the appeal for consideration on the merits by order dated October 26, 1987. This reinstatement effectively docketed the case for the January 1988 term of court. Pursuant to Rule 27 (a) of the Rules of the Court of Appeals, enumerations of error must be filed within twenty days after the case is docketed. By pleading entitled "Supplemental Brief" the defendant attempted to add an additional eight enumerations of error to his reinstated appeal setting forth two original enumerations of error. Technically, these additional enumerations of error were filed outside the twenty-day period for filing enumerations of error. However, where an indigent defendant files a pro se appeal, we are inclined to grant leeway in the requirement for compliance with procedural rules and also to examine the record for error.

After examining the record and considering defendant's additional enumerations of error, we find no merit in any remaining alleged errors, save one. Defendant maintains he was denied effective assistance of counsel by his trial counsel's failure to request a handwriting analysis by an expert until after the case had appeared on the trial docket so that it was impossible to obtain the results of that analysis in time to present it as evidence at trial. This is the gist of all defendant's improperly filed pro se pleadings and communications with the trial court. It appears from the record that defendant repeatedly requested a handwriting analysis but his trial counsel did not make this request known until after a demand for speedy trial had been made and the case had been docketed for trial. No motion for continuance or other waiver of the demand for speedy trial was made.

The issue of effectiveness of trial counsel was not raised in defendant's motion for new trial. However, defendant was represented in the motion for new trial by the same attorney who represented him at the trial of the case. In such a situation, where the defendant is represented by different counsel on appeal, he may raise for the first time on appeal the issue of ineffectiveness of trial counsel. See, e.g., *Hambrick v. State*, 256 Ga. 148 (5) (344 SE2d 639) (1986); *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986). In the case now before us, defendant may properly raise the issue of ineffective assistance of trial counsel since he is now proceeding pro se. Failure of defendant's court-appointed trial counsel to secure an expert witness may evince a conscious choice of trial tactics or it may indicate ineffective representation. See *Heard v. State*, 173 Ga. App. at 545. We remand the case to the trial court for a hearing and appropriate findings concerning the issue of ineffective assistance of counsel. If the trial court finds defendant was denied effective assistance of counsel, he will be entitled to a new trial. If the court finds adversely to defendant, defendant's right to appeal that order within thirty days is preserved. See *Midura v. State*, 183 Ga. App. 523, 526 (359 SE2d 416) (1987) (Carley, J., concurring specially).

*Judgment affirmed and case remanded. Benham, J., concurs. McMurray, P. J., concurs in judgment only.*

DECIDED MAY 9, 1988.

James L. Brooks, *pro se.*
*Joseph H. Briley, District Attorney, A. C. Martinez, Jr., Assistant District Attorney,* for appellee.