## A89A2356. THE STATE v. DESHON.
(390 SE2d 651)

Banke, Presiding Judge.

The defendant is charged with possessing cocaine, methamphetamine, diazepam, and marijuana in violation of the Controlled Substances Act. The state brings this appeal from an order granting his motion to suppress certain alleged contraband seized from his automobile. See OCGA § 5-7-1 (4).

Based upon information received from a confidential informant, Detective Raiford of the Henry County Sheriff's Department applied for and obtained a warrant to search the defendant's residence for certain firearms, specified by serial number, which had been reported stolen in various burglaries committed in Henry and Spalding Counties. Detective Raiford, the sole witness at the suppression hearing, testified that while he and other officers were proceeding to the defendant's residence in an unmarked patrol car to execute the warrant, the defendant drove past them going in the opposite direction. The officers immediately turned around to pursue him, simultaneously activating the flashing blue lights on the grill and visor of their vehicle. Raiford testified that during the ensuing chase the defendant accelerated to speeds well in excess of the posted 25-mile-per-hour limit and threw an object from his car which emitted a "powder" upon hitting the ground. The officers ultimately stopped the defendant by shooting one of his tires, whereupon, after placing him in the patrol car, they conducted a search of his vehicle. During this search, they discovered and seized a cigarette package containing suspected cocaine. The trial court granted the defendant's motion to suppress this substance and also suppressed certain alleged contraband later seized from his residence; however, the latter portion of the court's ruling is not challenged in this appeal. *Held*:

"[A] police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." *Terry v. Ohio*, 392 U. S. 1, 22 (88 SC 1868, 20 LE2d 889) (1968). We hold that under the circumstances of the present case, the officers were justified in pursuing and detaining the defendant for the purpose of effecting an investigative *Terry* stop. We further find that their reasonable suspicion that the defendant might be engaged in criminal activity matured into probable cause for an arrest when the defendant attempted to flee, simultaneously throwing what appeared to be contraband from his car. "Probable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances surrounding a transaction. [Cits.]. . . . [F]light in connection with other circumstances may be sufficient probable cause to uphold a warrantless arrest or search.

[Cits.]" *Cook v. State*, 136 Ga. App. 908, 909 (1) (222 SE2d 656) (1975). See also *State v. Billoups*, 191 Ga. App. 834 (383 SE2d 198) (1989). We accordingly hold that the trial court erred in granting the defendant's motion to suppress the alleged contraband seized from his vehicle.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 6, 1990.

Robert E. Keller, District Attorney, Daniel J. Cahill, Assistant District Attorney, for appellant.

Steven E. Lister, for appellee.