A89A2084. PARRISH v. THE STATE.
(391 SE2d 797)

CARLEY, Chief Judge.
Appellant was tried before a jury and found guilty of possession of cocaine with intent to distribute and possession of a weapon during the commission of a crime. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. In the early pre-trial stages of the case, appellant was represented by retained counsel who filed several discovery motions, including a request for production of a copy of any in-custody statement made by appellant. See OCGA § 17-7-210. This retained counsel was subsequently allowed to withdraw and, at trial, appellant was represented by the public defender. Upon the call of appellant's case, the public defender did not seek a continuance for additional preparation time but, instead, he announced that he was ready to proceed with the trial. Without objection, the State introduced evidence of certain oral statements that had been made by appellant to the arresting officers. Appellant, who is now represented by different counsel, enumerates as error the trial court's failure to conduct a pre-trial hearing on the request for production of a copy of his in-custody statements.

OCGA § 17-7-210 does not mandate that the trial court conduct a pre-trial hearing. It provides for the exclusion from evidence of a defendant's in-custody statement if a copy of it has been requested, but has not been provided by the State. There is no support in the record for appellant's assertion that the State did not comply with the pre-trial request of his original counsel. The public defender announced that he was ready to proceed with the trial and, had the State not complied, a motion in limine to exclude evidence of appellant's in-custody statements presumably would have been made at that time. Moreover, even assuming that the State may not have complied with OCGA § 17-7-210, the failure of the public defender to object to the evidence of appellant's in-custody statements when it was proffered

at trial would nevertheless constitute a waiver of that non-compliance. *Henderson v. State*, 162 Ga. App. 320, 322 (3) (292 SE2d 77) (1982). Appellant urges that the requirement that there must be an objection to non-compliance by the State should not be enforced because the State misled the trial court and the public defender into believing that no pre-trial discovery request had been filed. However, there is no support in the record for such an assertion. What the record shows is the State's entirely truthful observation that no pre-trial motion to suppress had been filed.

2. Although appellant's original counsel had also filed a request that a *Jackson v. Denno* hearing be conducted prior to trial, no such pre-trial hearing was ever held. During the course of the trial itself, the public defender did not renew the request for a *Jackson v. Denno* hearing and did not object to the introduction into evidence of testimony regarding appellant's statements on the ground that such a hearing had not been conducted. The trial court's failure to conduct a pre-trial *Jackson v. Denno* hearing on the voluntariness of appellant's statements is enumerated as error.

Appellant was not entitled to have a *Jackson v. Denno* hearing conducted *prior* to trial. *Jarrell v. State*, 234 Ga. 410, 416 (3) (216 SE2d 258) (1975). The failure of the public defender to renew the request at trial or to object to the introduction of the evidence of appellant's statements on the ground that a preliminary *Jackson v. Denno* hearing had not been held constitutes a waiver. " '[D]ue process does not require a voluntariness hearing absent some contemporaneous challenge to the use of the [evidence]. Therefore, appellant had a right to a voluntariness hearing only upon challenging [his statements'] introduction into evidence. [Cits.] It follows that this enumeration of error presents no ground for reversal.' [Cits.]" *Perez v. State*, 182 Ga. App. 628, 630 (4) (356 SE2d 706) (1987).

3. Appellant enumerates as error the denial of his motion for a directed verdict of acquittal.

The evidence, construed most favorably for the State, was as follows: Responding to a tip from a confidential informant regarding a currently transpiring drug transaction, officers discovered that appellant and four others were standing on the porch at the specified address. A search of the five individuals revealed no contraband in their immediate possession. However, $700 was found hidden in appellant's underwear. A very short distance from appellant's location on the porch, the officers found a loaded pistol beside a set of keys to his car. In the yard, some ten-to-twelve feet from the porch, the officers also found a plastic cup which contained 39 individual bags of cocaine. A search of appellant's car disclosed $1,058 in cash, a box of ammunition of the same type as that found in the loaded pistol on the porch, two more loaded pistols, and a bag containing a list of initials with

corresponding monetary amounts. This evidence, although circumstantial, was sufficient to authorize a rational trior of fact to find beyond a reasonable doubt that appellant was guilty of possessing the cocaine that was found in the yard and was guilty of possessing the pistol that was found in close proximity to him on the porch. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. The asserted ineffectiveness of the public defender's representation of appellant has been raised on appeal. The record shows that appellant's appellate counsel filed a timely notice of appeal. Thereafter, the public defender filed a timely motion for new trial. However, there is nothing in the record to show that appellant or his appellate counsel authorized, were aware of or participated in the public defender's motion for new trial. Under these circumstances, neither *Thompson v. State,* 257 Ga. 386 (359 SE2d 664) (1987) nor *Dawson v. State,* 258 Ga. 380 (369 SE2d 897) (1988) are authority for the proposition that the issue of the ineffectiveness of appellant's trial counsel has been waived. "In the present case, appellate counsel did not represent [appellant] at trial or at the motion for new trial. Therefore, the requirement of *Thompson* that the issue of ineffectiveness must be raised at the time of the amended motion for new trial by a new attorney who files a motion for new trial does not preclude the issue here. . . . [T]he requirement of *Dawson v. State,* supra, that an evidentiary hearing must be requested at the time of an amended motion for new trial does not apply to a case where the appellate counsel did not participate in the motion for new trial, and the issue of ineffectiveness of counsel is raised for the first time on appeal. Although appellant should have by now filed a request for an evidentiary hearing, he is not barred from proceeding with his claim on this account. Since the claim was only raised on appeal, there was no opportunity for a hearing before the trial court; it is not unreasonable that the case be remanded for a hearing at this point." *Johnson v. State,* 259 Ga. 428, 430 (3) (383 SE2d 115) (1989). Accordingly, this case must be remanded for an evidentiary hearing on the issue of the asserted ineffectiveness of the public defender. "If the trial court finds [appellant] was denied effective assistance of counsel, he will be entitled to a new trial. If the court finds adversely to [appellant], [appellant's] right to appeal that order within thirty days is preserved. [Cit.]" *Brooks v. State,* 187 Ga. App. 92, 94 (2) (369 SE2d 349) (1988).

5. Appellant's remaining enumerations of error have been considered and found to be without merit.

*Judgments affirmed and case remanded with direction. McMurray, P. J., Banke, P. J., Birdsong, Sognier, Pope and Cooper, JJ., concur. Deen, P. J., and Beasley, J., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

1. Before setting out the basis for dissenting, which is only as to Division 4, it is necessary to state that I concur in all other divisions except Division 1. Although I agree with its result, I do not read the transcript as showing "the State's entirely truthful observation that no pre-trial motion to suppress had been filed."

The parties had been arguing about the admissibility *vel non* of the statements made by the confidential informant to the witness and about whether the informant's reliability was a relevant subject of inquiry by the State. Its counsel stated: "There have been no motions filed in this case. I, of course, have opened up my file to [defendant's counsel]." While he may have been targeting the lack of a pretrial motion to suppress, it is not clear, and the court could conclude that there were *no* motions, which was not correct.

2. Defendant was sentenced on March 3, 1989. Appellate counsel, who was not the trial counsel, filed a notice of appeal on March 14. Appellate counsel apparently was the attorney whom defendant was considering hiring to serve as trial counsel. After the selection of the jury by the public defender on Monday, February 27, the court stated: "Mr. Parrish, if you intend to talk with Mr. Douglass [current appellate counsel], be sure to get in touch with him and let him know to be here Friday morning. Otherwise, Mr. Davis [the public defender who tried the case] will be representing you in this case."

After Douglass filed the notice of appeal, the public defender filed the motion for new trial and obtained the transcript and a hearing date. The appeal would have been dismissible as premature if the notice had been filed *after* the motion but before the ruling thereon. See *Brooks v. State*, 187 Ga. App. 92, 93 (2) (369 SE2d 349) (1988). After a delayed hearing on the motion, it was denied. It contained no claim of ineffective assistance of counsel.

Since appellate counsel had entered the case no later than eleven days after sentencing, he could have filed a timely motion for new trial based on the now-asserted complaint, which is directed at trial counsel's action and not at an erroneous ruling of the trial court. He also had the opportunity to amend the motion which was filed, so as to present the issue for ruling by the trial court. He chose instead, on behalf of defendant, to bypass the trial court and raise it for the first time on appeal.

The underlying principle guiding these cases is that the claim of ineffectiveness of counsel must be raised "at the earliest practicable moment" or it is waived. *Thompson v. State*, 257 Ga. 386 (359 SE2d 664) (1987); *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988). Since in this case that occurred with new counsel at the trial court level, the question is waived in this direct appeal. The cases cited by the majority relate to different circumstances.

I am authorized to state that Presiding Judge Deen joins in this opinion.

DECIDED MARCH 7, 1990.

*Orion L. Douglass*, for appellant.
*Glenn Thomas, Jr., District Attorney*, for appellee.