A90A0634. FRAZIER v. THE STATE.
(394 SE2d 396)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of selling cocaine. Her trial counsel filed a motion for new trial and an amended motion for new trial. These motions were denied and another attorney filed this appeal. *Held*:

1. In her first and third enumerations, defendant challenges the sufficiency of the evidence.

At trial, Agent Chaneyfield of the Georgia Bureau of Investigation testified that, while working undercover in Cordele, Crisp County, Georgia, he witnessed defendant sell cocaine. This evidence was sufficient to authorize the jury's finding that defendant was guilty, beyond a reasonable doubt, of selling cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant contends in her second enumeration that the State impermissibly placed her character in issue. More specifically, defendant complains that Agent Chaneyfield's testimony, that "[a]pproximately 60 percent of [his] work [as an undercover narcotics agent] was around the [area where he observed defendant selling cocaine]," incidentally placed her character in issue.

We find nothing in the above response which tends to impugn defendant's character. Further, even if defendant's character was incidentally placed in issue by this testimony, we find no error in allowing the evidence as it logically tended to prove that the area of the alleged offense was intended as a prime territory for the sale of cocaine. See *McGinnis v. State*, 258 Ga. 673, 674 (2) (372 SE2d 804).

3. In her fourth enumeration, defendant contends the trial court erred in allowing the State to refer to the arresting officer's testimony that "approximately sixty percent of the drug sales or drug purchased . . ." had been made in the area of defendant's arrest.

As we held in Division 2, evidence regarding the lucrative drug

trade in the area of defendant's arrest was relevant and therefore admissible evidence. Consequently, the trial court did not err in allowing the State to mention this evidence in the closing argument.

4. Next, defendant contends the trial court erred in allowing the arresting officer's testimony that another suspect, Sammie Lee Brown, informed him that defendant would be able to supply him (the officer) with cocaine. Defendant argues that this was inadmissible hearsay.

"When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence." OCGA § 24-3-2. The above testimony explained the circumstances leading to defendant's arrest. It was therefore admissible evidence under OCGA § 24-3-2. See *Ivester v. State*, 252 Ga. 333, 334 (2) (313 SE2d 674).

5. Defendant contends in her sixth enumeration, that the trial court erred in allowing the State to introduce into evidence over $8,000 in cash which was found in the front seat of defendant's vehicle. Defendant argues that this evidence was inadmissible hearsay.

Even after a liberal reading of defendant's brief, we find no logic in the hearsay argument. Introduction of this large sum of money into evidence was obviously relevant as it was found in a vehicle in which defendant was observed selling cocaine.

6. Next, defendant contends the trial court erred in allowing the State to introduce certified records showing her 1983 Crisp County conviction for selling marijuana.

" 'Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter.' (Citations and punctuation omitted.) *Baxter v. State*, 160 Ga. App. 181, 184 (286 SE2d 460) (1981)." *Adams v. State*, 190 Ga. App. 393, 396 (2) (379 SE2d 205).

The certified 1983 Crisp County records show that defendant was the perpetrator of the crime, selling marijuana. This was sufficient to satisfy the identity and similarity standards enunciated above. This enumeration is without merit.

7. In her eighth enumeration, defendant contends that her trial counsel was ineffective.

The claim of ineffective assistance of trial counsel is raised for the first time on appeal. However, defendant's present appellate counsel did not participate in defendant's motion for new trial filed by her trial counsel. "[T]his case must be remanded for an evidentiary hearing on the issue of the asserted ineffectiveness of [trial

counsel]. 'If the trial court finds [defendant] was denied effective assistance of counsel, [she] will be entitled to a new trial. If the court finds adversely to [defendant], [defendant's] right to appeal that order within thirty days is preserved. (Cit.)' *Brooks v. State*, 187 Ga. App. 92, 94 (2) (369 SE2d 349) (1988)." *Parrish v. State*, 194 Ga. App. 760 (4) (391 SE2d 797).

*Judgment affirmed and case remanded with direction. Sognier, J., concurs. Carley, C. J., concurs in Divisions 1, 2, 3, 5 and 7 and in the judgment.*

DECIDED MAY 11, 1990.

*Christine A. Van Dross*, for appellant.
*John C. Pridgen, District Attorney*, for appellee.