## A90A0326. LOUIS v. THE STATE.
### (396 SE2d 25)

McMURRAY, Presiding Judge.

Defendant was convicted of possession of cocaine with intent to distribute and filed a direct appeal. *Held*:

1. On March 13, 1987, two Atlanta police officers assisted in the execution of a search warrant at an apartment. Cocaine, guns and photographs of possible suspects were seized during the search. Emerging from the apartment, the police sought the help of a tipster. The tipster looked at the photographs and informed the officers that the occupants of the apartment just left about five minutes before the police arrived. He added that the suspects were headed for a particular service station about one-and-a-half miles away. The two officers drove to the service station in an unmarked van. They observed an automobile which was stopped beside a telephone booth. The automobile engine was still running although the doors were open. One person sat in the passenger seat with his feet touching the ground. He was engaged in conversation with another person, Rodney Willis, who stood outside the automobile. Defendant was standing by the telephone booth, talking on the telephone.

The officers emerged from their van and approached the automobile. They were dressed in their police raid gear and carried a picture taken from the apartment. Spotting the officers, Willis dropped a marijuana cigarette to the ground and tried to cover it with his foot. Willis was arrested for possession of marijuana. Searching Willis, the officers found a pouch containing more marijuana. The officers frisked the individual who was speaking with Willis. They found nothing on his person.

At that point, defendant, who was still talking on the telephone, made eye contact with one of the officers. As the officer walked toward him, defendant grabbed his crotch and turned his back to the officer. Knowing that weapons are often concealed in the crotch area, the officer asked defendant to "step over" and "spread-eagle" and defendant complied. Then, the officer frisked defendant. Discovering an "unusual hard object" in defendant's crotch, the officer asked defend-

ant to open his pants. Defendant did so and the officer observed a plastic bag tied in knots containing what appeared to be contraband. Accordingly, the officer seized the bag and placed defendant under arrest.

Only after arresting defendant did the officer compare the photograph taken from the apartment to defendant, Rodney Willis, and the third individual. The officer then realized that the trio did not appear to be the people he was looking for initially.

In his first enumeration of error, defendant contends the trial court erred in failing to grant his motion to suppress. More specifically, defendant asserts that he was detained without reasonable suspicion even before he was frisked. We disagree.

" '(A) reasonable search for weapons for the protection of the police officer, (is permitted) where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.' *Terry v. Ohio*, [392 U. S. 1, 27 (88 SC 1868, 20 LE2d 889) (1968)]." *Smith v. State*, 139 Ga. App. 129, 131 (2) (227 SE2d 911). Accord *Mashburn v. State*, 186 Ga. App. 488, 489 (367 SE2d 881).

In the case sub judice, the officers just completed a search of an apartment in which drugs and weapons were found. They went to a gas station believing the occupants of the apartment were there. When they arrived at the gas station, the officers saw three men (one of whom was defendant) standing near an automobile which was stopped with the engine running. As the officers approached them one of the men threw down a marijuana cigarette. In short order, defendant was seen reaching for his crotch (where weapons are often hidden) and turning his back to the officers. We have no hesitation in concluding that, under these circumstances, the officer who frisked defendant was warranted in the belief that defendant could have have been armed and dangerous. See *Edwards v. State*, 165 Ga. App. 527 (301 SE2d 693). It follows that the trial court did not err in denying defendant's motion to suppress.

2. After this case was docketed in this Court, defendant obtained new appellate counsel. In defendant's second enumeration of error, the issue of effectiveness of trial counsel is raised for the first time. Since this issue has only been raised by new appellate counsel on appeal, there has been no opportunity for an evidentiary hearing in the trial court. The claim of ineffectiveness concerns matters which do not appear on the face of the record. Thus, in the absence of an evidentiary hearing, we have no way of knowing what transpired with

regard to this issue. "[T]his case must be remanded for an evidentiary hearing on the issue of the asserted ineffectiveness of [trial counsel]. 'If the trial court finds [defendant] was denied effective assistance of counsel, he will be entitled to a new trial. If the court finds adversely to [defendant], [defendant's] right to appeal that order within thirty days is preserved. (Cit.)' *Brooks v. State*, 187 Ga. App. 92, 94 (2) (369 SE2d 349) (1988)." *Parrish v. State*, 194 Ga. App. 760, 762 (4) (391 SE2d 797).

*Judgment affirmed and case remanded with direction. Carley, C. J., and Sognier, J., concur.*

DECIDED JUNE 27, 1990 —
REHEARING DENIED JULY 10, 1990 — CERT. APPLIED FOR.

*Timothy T. Herring, Michael E. Bergin*, for appellant.
Anthony L. Louis, *pro se.*
*Lewis R. Slaton, District Attorney, Katherine E. Beaver, Joseph J. Drolet, Rebecca A. Keel, Assistant District Attorneys*, for appellee.