A90A1763. HAMRICK v. THE STATE.
(397 SE2d 503)

DEEN, Presiding Judge.

The appellant, Herbert Hamrick, was convicted of selling diazepam, possession of diazepam with intent to distribute, and possession of marijuana with intent to distribute.

On March 27, 1989, an off-duty Gwinnett County police officer who happened to be at a car dealership observed Hamrick seated in a van pouring several pills from a prescription container into the hand of another individual. A third individual was standing in front of the van, ostensibly serving as a look-out. The police officer called for assistance.

When another officer arrived, both officers approached Hamrick, and the first officer advised him that he had observed him participating in what he believed was a drug sale. Hamrick produced a prescription bottle and indicated that it contained his own prescription drugs. The officer remained suspicious because although the bottle label indicated contents of 12 capsules of vibramycin, it contained over 70 tablets of what turned out to be diazepam. One officer seized the prescription vial, and the other officer seized a small duffle bag held by Hamrick. The officer felt the bag for a weapon, and opened it after feeling a hard object in the bottom. Right on top was a large bag of marijuana, the sight of which prompted a remark by the other officer about the quantity and Hamrick's response that it was half a pound.

The officers placed Hamrick under arrest, and escorted him to an empty office, where a search of his person revealed a small bag of marijuana. The officers then informed Hamrick of his *Miranda* rights. Hamrick indicated that he understood those rights, waived them, and stated that he had sold the man in the van 10 pills for 10 dollars. The officers also emptied the duffle bag and discovered cigarette papers, baggies, and scales. *Held*:

1. Hamrick contends that all of the evidence seized should have been suppressed as the product of an illegal arrest and search. A police officer may make a brief, investigatory stop, provided the officer has a reasonable, articulable suspicion that the person stopped has been, is, or is about to be engaged in criminal activity, and the nature and extent of the detention is minimally intrusive. *State v. Hodges*, 184 Ga. App. 21 (360 SE2d 903) (1987). In the instant case, the officer's personal observation of what appeared to be a drug sale provided sufficient basis for conducting a brief, investigatory stop. This reasonable suspicion was only bolstered by Hamrick's presentation of the prescription bottle with inappropriate contents.

Concerning the search of the duffle bag and discovery of the marijuana, the arresting officer explained that experience had taught him that many drug dealers carry weapons and for the safety of the police officers and numerous people in the car dealership at the time, he had conducted a protective pat-down search of the bag for weapons. Upon feeling a hard object in the bottom of the bag that he could not identify, he opened the bag and found the half pound of marijuana on top. Such a protective pat-down and search of a bag is authorized where the investigating officer has an articulable, reasonable

belief that the person stopped may be armed. See *Burroughs v. State*, 190 Ga. App. 467 (2) (379 SE2d 175) (1989); *Bonds v. State*, 188 Ga. App. 135 (372 SE2d 448) (1988). The pat-down and search of the duffle bag was authorized in the instant case.

2. Hamrick contends that the trial court erred in admitting inculpatory, oral statements of Hamrick, viz., his quantifying the marijuana in the duffle bag and his statement that he had given the man in the van 10 pills for 10 dollars. Concerning Hamrick's statement that he had one-half pound of marijuana, it was not the product of a custodial interrogation, since Hamrick at that point in time was not under arrest. With regard to Hamrick's custodial statement about selling the pills, following the *Jackson v. Denno* hearing, the trial court found that Hamrick had freely and voluntarily given the statement. Such factual findings by the trial court will be upheld on appeal unless clearly erroneous, *Kincey v. State*, 191 Ga. App. 300 (2) (381 SE2d 439) (1989), and we find no clear error in the instant case.

3. The prosecutor asked the arresting officer a question, "based on what you saw, your police experience, your police background, you became suspicious?" which was unsuccessfully objected to by defense counsel on the grounds that it was a leading question that suggested that the officer was suspicious. The prosecutor, however, rephrased the question and merely asked the officer if he were suspicious, and the officer was allowed to explain his suspicion over defense counsel's additional objection that the answer was not responsive to the question asked. Hamrick contends that the question as originally asked was impermissibly leading and that the answer impermissibly expressed conclusions.

If the mere asking of the original question was error, we find that it was harmless. See *Poole v. State*, 130 Ga. App. 603 (7) (203 SE2d 886) (1974). The officer's answer, in which he delineated the circumstances that aroused his suspicions, was properly admitted; a witness is allowed to explain an answer. *Fields v. State*, 176 Ga. App. 122 (335 SE2d 466) (1985). We also reject Hamrick's related contention that the police officer's explanation of why he had charged Hamrick with possession of the controlled substances with the intent to distribute impermissibly invaded the province of the jury under OCGA § 24-9-65.

4. During the sentencing hearing, the prosecutor referred to charges of habitual violator and DUI pending against Hamrick. Defense counsel objected on the grounds that the reference was improper in the sentencing phase, and the trial court responded, "I know that." The trial court also indicated that it was already aware of the pending charges in any event, having presided over a suppression hearing regarding them. That statement of awareness did not rebut the presumption that the trial court did not consider the improper

matter in fixing the sentence. *Clark v. State*, 138 Ga. App. 266 (226 SE2d 89) (1976); cf. *Minis v. State*, 150 Ga. App. 671 (5) (258 SE2d 308) (1979).

5. Hamrick also contends that there was a merger of the offenses of sale of diazepam and possession of diazepam with intent to distribute. However, in the instant case, where the portion of the contraband actually sold was used to prove the sale and the distinct remainder was used to prove possession with intent to sell, no merger occurred. *Wilson v. Hopper*, 234 Ga. 859 (3) (218 SE2d 573) (1975); see also *Howard v. State*, 144 Ga. App. 208 (1) (240 SE2d 908) (1977).

6. Viewed in the light most favorable to the verdict, the evidence authorized a rational trier of fact to find Hamrick guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 26, 1990.

Phillip N. Lavender, for appellant.
Thomas C. Lawler III, District Attorney, J. Keith Miles, Debra K. Turner, Assistant District Attorneys, for appellee.