## A91A1754. LOUIS v. THE STATE.
### (415 SE2d 289)

SOGNIER, Chief Judge.

Anthony Louis was convicted in June 1989 of possession with intent to distribute nine bags containing approximately one gram of cocaine per bag, which had been discovered under Louis's jogging suit in his crotch during a search of his person by police. In his appeal from that conviction, we affirmed the judgment but remanded the case with direction that the trial court conduct an evidentiary hearing on Louis's claim that he was denied effective assistance of counsel at his trial. *Louis v. State*, 196 Ga. App. 276, 277-278 (2) (396 SE2d 25) (1990). Louis appeals from the trial court's finding that he was not denied effective assistance of counsel. See id. at 278.

1. "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.]" *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990). As to appellant's first enumeration, the transcript of the evidentiary hearing does not support his contention that the trial court's handling of ·appellant's inquiries regarding his trial counsel's alleged conflict of interest presented any ground for reversal.

2. Appellant contends he received ineffective assistance of counsel in his 1989 trial because his counsel, who also represented him during a 1987 trial on other drug charges (arising out of two alleged cocaine sales which occurred after appellant's arrest based on the nine bags of cocaine found on appellant's person), elicited in the 1987 trial an admission that the nine bags of cocaine (admitted as evidence of a similar transaction) belonged to appellant. There was evidence adduced at the hearing on appellant's ineffective assistance claim that appellant made the 1987 admission as the result of a tactical decision to bolster appellant's credibility and to offset the damaging effect of an earlier statement appellant had made denying any knowledge of the cocaine in his crotch. Appellant was acquitted in the 1987 trial;

his admission in judicio was introduced by the prosecution during appellant's trial 21 months later on the possession with intent to distribute charge which is the basis of this appeal.

Regarding appellant's arguments that his trial counsel improperly elicited the admission in the 1987 trial, even pretermitting the issue of this court's jurisdiction to consider what occurred during appellant's 1987 trial, we note that the decision to have appellant admit he possessed the cocaine found in his crotch clearly qualified as trial strategy, which, even if erroneous, did not constitute ineffective assistance of counsel. See generally *Ranalli v. State*, 197 Ga. App. 360, 365 (5) (398 SE2d 420) (1990). As to appellant's argument that he received ineffective assistance of counsel in his *1989* trial because of the negative consequences in that trial of the use of his admission as part of the successful *1987* trial strategy, given our case law regarding tactical errors, see id., we conclude that the *consequences* of errors in trial strategy likewise do not present a claim for ineffective assistance of counsel.

3. The evidence adduced at the hearing on appellant's motion does not support his contention either that his trial counsel failed to explore the possibility of negotiating a plea bargain with the prosecutor or that his trial counsel failed to communicate with appellant in general or in particular as to the prosecutor's negotiation position. Furthermore, there was ample evidence from which the trial court could have found that appellant adamantly refused to accept any plea bargain if it required serving time in prison; accordingly, the trial court was authorized to find that the decision to proceed to trial was not the result of any ineffective assistance on the part of appellant's trial counsel.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 22, 1992 —
RECONSIDERATION DENIED FEBRUARY 5, 1992.

*Michael E. Bergin,* for appellant.
*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Joseph J. Drolet, Assistant District Attorneys,* for appellee.