## A92A1789. CHANEY v. THE STATE.
### (427 SE2d 63)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of possession of cocaine. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict and enumerates as error only the denial of his motion to suppress.

Appellant urges that the cocaine was discovered as the result of an unauthorized seizure of his person. However, "[a] police officer may make a brief, investigatory stop, provided the officer has a reasonable, articulable suspicion that the person stopped has been, is, or is about to be engaged in criminal activity, and the nature and extent of the detention is minimally intrusive. [Cit.] In the instant case, the officer[s'] personal observation[s] of what appeared to be a drug sale provided sufficient basis for conducting a brief, investigatory stop." *Hamrick v. State,* 197 Ga. App. 89, 90 (1) (397 SE2d 503) (1990). "Momentary detention and questioning are permissible if based upon specific and articulable facts, which, taken together with rational inferences from those facts, justify a reasonable scope of inquiry not based on mere inclination, caprice or harassment." *State v. Misuraca,* 157 Ga. App. 361, 364 (276 SE2d 679) (1981). "Although it is obvious that every arrest includes detention, not every detention is an arrest. . . ." *Radowick v. State,* 145 Ga. App. 231, 238 (3) (244 SE2d 346) (1978).

Not only were the officers authorized to effectuate a brief, investigatory stop of appellant, they were also authorized to conduct a pat-down of appellant to determine whether he was armed. See generally *Hayes v. State,* 202 Ga. App. 204 (414 SE2d 321) (1991). The encounter did not become an illegal "arrest" simply because the officers requested that appellant step some 20 feet into a better-lighted area in order to conduct the investigation and pat-down. " 'An officer may take appropriate self-protective measures when he lawfully confronts an individual and reasonably believes him to be armed or otherwise dangerous to the officer or others. The usual police response will be to conduct a frisk, patting the individual's clothing in search of a

weapon. (Cits.) Where an immediate frisk is not feasible, however, the officer will be justified in approaching the suspect with weapon drawn or at the ready. (Cits.) The key question in all cases remains whether the protective measures taken by the officer were reasonable under the circumstances.' [Cits.]" *Edwards v. State*, 165 Ga. App. 527, 528 (301 SE2d 693) (1983). Under the circumstances of this case, the officer's request that the appellant move into a better-lighted area was a reasonable protective measure.

After the pat-down, one of the officers observed appellant drop onto the ground what appeared to be cocaine and then attempt to conceal it with his foot. When appellant was seen attempting to dispose of the cocaine and to conceal it, the officers' "reasonable suspicion that [appellant] might be engaged in criminal activity matured into probable cause for an arrest. . . ." *State v. Deshon*, 194 Ga. App. 425 (390 SE2d 651) (1990). Accordingly, the cocaine was not discovered as the result of an unauthorized seizure of appellant's person. Compare *State v. Brown*, 201 Ga. App. 771 (412 SE2d 583) (1991) (wherein an unlawful arrest *preceded* the discovery of the contraband). The cocaine was discovered as the result of an authorized investigatory stop and that lawful discovery then authorized appellant's arrest. It follows that the trial court correctly denied appellant's motion to suppress.

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 12, 1993.

*Alexandrina H. Douglass*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, William C. Akins, Anita Wallace, Assistant District Attorneys*, for appellee.

