## A96A0513. MILLER v. THE STATE.
### (471 SE2d 565)

BEASLEY, Chief Judge.

After a stipulated bench trial, Miller was convicted of one count of trafficking in methamphetamine, OCGA § 16-13-31 (e), and one count of possession of lysergic acid diethylamide, OCGA § 16-13-30 (c), a Schedule I controlled substance, OCGA § 16-13-25 (3) (I). In his sole enumeration of error, he contends the court erred in denying his motion to suppress evidence which he considered to be the result of a detention and search that violated the Fourth Amendment.

Officer Hudson had responded to a burglary call at an apartment complex known as a high drug area. At approximately 11:30 p.m. he was driving out of the complex in a marked police vehicle and saw Miller walking on the side of the complex's darkened entrance road. Another marked police car was ahead of Hudson and passed Miller first. Hudson noticed Miller slow his pace and appear nervous when the first car passed. Hudson pulled in behind Miller who looked at Hudson and took two side-to-side steps as though he were about to run. Hudson stepped out of his vehicle and asked if Miller would speak to him for a moment. Miller was not a suspect in the burglary.

As Miller approached, Hudson noticed him gripping a purse on a

belt around his waist in a way that obscured view of it. Miller's eyes were droopy, glassy, and red, and he appeared under the influence of alcohol. Hudson, concerned that there might be weapons in the purse, asked if Miller had any weapons on his person and he responded: "No officer, I'm just drunk." Miller again stepped nervously side-to-side and Hudson again thought he was about to run. Hudson was still concerned about weapons and asked if there were any weapons in the purse, reaching forward to tap it from the outside. Miller pulled back and Hudson thought he was about to run. Hudson grabbed him by the arm and told him to calm down. Miller continued to conceal the purse and said "Oh, God, oh God," and "I can't go back." Another officer arrived and they subdued Miller while he continued to try to keep them from touching the purse. The purse contained illegal drugs and $943 in cash.

"On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous. [Cit.]" *Burse v. State*, 209 Ga. App. 276 (433 SE2d 386) (1993).

Miller argues the initial stop was invalid because it was not supported by reasonable, articulable suspicion as required under *Terry v. Ohio*, 392 U. S. 1, 23 (88 SC 1868, 20 LE2d 889) (1968). Contrary to his view, articulable suspicion was not necessary for Hudson to lawfully approach him. " 'Supreme Court holdings sculpt out, at least theoretically, three tiers of police-citizen encounters: (1) communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, (2) brief seizures that must be supported by reasonable suspicion, and (3) full-scale arrests that must be supported by probable cause. . . . [Cit.]' " *In the Interest of S. B.*, 207 Ga. App. 60, 61 (427 SE2d 52) (1993). Under the first tier, a police officer may approach an individual and ask questions without triggering Fourth Amendment scrutiny. *State v. Westmoreland*, 204 Ga. App. 312 (1) (418 SE2d 822) (1992). See also *Sabel v. State*, 248 Ga. 10 (1) (282 SE2d 61) (1981). The trial court found that the officer initiated a first-tier encounter and later had probable cause to arrest Miller for the offense of pedestrian under the influence of alcohol. OCGA § 40-6-95. Whether the location was a public road or one maintained by and part of the apartment complex, which is not clear from the record, it was covered by the prohibition. OCGA § 40-6-3 (a) (2). See, as analogous, *Daugherty v. State*, 182 Ga. App. 730 (1) (356 SE2d 902) (1987) (DUI in gas station parking lot).

This Court's conclusion as to probable cause was supported by the evidence. There was no testimony suggesting the initial encounter was coercive. Miller contends he was seized when the officer

grabbed him and told him to calm down. That occurred after Miller stated he was drunk and Hudson had observed signs of intoxication. At that point, probable cause for an arrest on the charge of intoxicated pedestrian had presented itself. Justification for a pat-down search under the lesser standard of articulable suspicion was not then necessary; a full search incident to an arrest would have been justified. See *Clark v. State*, 212 Ga. App. 486, 488 (441 SE2d 885) (1994).

Further, probable cause for arrest was not, under these circumstances, necessary to support the officer's attempts to pat-down the purse. " ' "The key question in all cases remains whether the protective measures taken by the officer were reasonable under the circumstances." (Cits.)' [Cit.]" *Chaney v. State*, 207 Ga. App. 72, 73 (427 SE2d 63) (1993). " ' "An officer may take appropriate self-protective measures when he lawfully confronts an individual and reasonably believes him to be armed or otherwise dangerous to the officer or others. The usual police response will be to conduct a frisk, patting the individual's clothing in search of a weapon. (Cits.) . . ." (Cits.)' " Id. at 72-73. This is what Hudson attempted to do. He testified he believed a pat-down of the purse was necessary for his safety. Given the time of night, the darkness of the road, and Miller's behavior, particularly with regard to the purse, as well as his apparent and admitted intoxication, Hudson's belief was reasonable and his actions appropriate. Although the trial court did not articulate Hudson's safety as a basis for denying Miller's motion to suppress, that basis also requires that we affirm the denial of the motion. See *Hunt v. State*, 212 Ga. App. 217, 219 (441 SE2d 514) (1994).

*Judgment affirmed. Birdsong, P. J., concurs. Blackburn, J., concurs in the judgment only.*

DECIDED MAY 22, 1996.

*William W. West*, for appellant.
*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.