## 39715. SMITH v. THE STATE.

SMITH, Justice.

Gernard Smith was convicted in Chatham County of murder and given a life sentence. On appeal, Smith makes several contentions, involving admissibility of evidence, skips in the trial transcript, jury instructions, and state funds for independent psychiatric evaluations. We affirm.

Smith's wife had been having an affair with the victim, Nathaniel Hamilton, for almost a year. At the time of the shooting in January 1980, Smith and his wife had not lived together for about two years, but were not divorced. On the night in question Smith went to his wife's Savannah apartment with a gun, hoping, according to his testimony, that she would be persuaded to have sex with him. Her car was not outside and she did not appear to be home from work, so he waited nearby. He saw Hamilton arrive and testified that he thought he saw Hamilton leave shortly thereafter. After waiting about 25 minutes he concluded that his wife was at home. He approached the apartment and entered with a key he had taken from it without his wife's knowledge during an earlier attempt to meet with her. His wife, who had been home since before Smith's arrival, and Hamilton were together on the sofa. As Hamilton yelled and charged at him, Smith shot Hamilton three times and killed him. Smith stated that his wife then agreed to have sex with him in return for the gun. He gave it to her and she threw the gun out a window while Smith undressed. However, the police arrived within minutes and arrested Smith. He was tried before a jury, convicted in August 1981, and sentenced to life imprisonment.

1. In his first enumeration Smith contends that the court erred in allowing testimony to be heard by the jury which brought in evidence of his bad character. Smith testified on direct examination that his relationship with his wife was loving. The disputed evidence concerned a series of questions on cross-examination which brought out that Smith had argued and fought physically with his wife. Smith's motion for mistrial was denied and the jury was instructed to consider the questioned testimony only for purposes of impeachment. Smith contends that the state's questioning was intended to imply that Smith was guilty of a separate prior criminal act of assaulting his wife and was thus irrelevant, citing OCGA § 24-2-1 (Code Ann. § 38-201). We disagree.

Smith sought to establish on direct examination that his relationship with his wife was a caring one, albeit troubled, and that he had approached her in the recent past to try to work out the considerable differences between them. His wife rebuffed and

ignored these efforts and on direct Smith described himself as confused and frustrated by her reluctance to work toward reconciliation. Such testimony by Smith put into evidence the nature of his relationship with his wife. The state simply questioned Smith further on the issue of his marriage and showed there was evidence that the testimony offered on direct examination was incomplete and in part untrue. The state did not question Smith as to matters not opened on direct examination and in no way did the state's questions suggest Smith had committed another crime for which he was not being tried. See *Barnes v. State,* 157 Ga. App. 582 (277 SE2d 916) (1981). These questions were proper and relevant for purposes of impeachment. OCGA § 24-9-82 (Code Ann. § 38-1802). Even if Smith's testimony in response to the state's questions had the effect of placing his character in issue, this was an incidental result of a proper impeachment and the instruction given to the jury by the trial court was sufficient to cure any error. Therefore, we find no merit in this enumeration.

2. Smith next contends that he is entitled to a new trial because portions of the record are incomplete and he is unable to prepare an appeal. Georgia law clearly requires that in all felony cases there be prepared a transcript of evidence and proceedings. OCGA § 5-6-41 (Code Ann. § 6-805).

Although Smith makes a general assertion that he was prejudiced by the missing portions of transcript, he fails to show how he was harmed or to raise any issue which this Court is unable to adequately review because of skips in the record. He merely lists 44 items as errors and omissions, 40 of which are simple typographical errors or brief phrases inaudible to the reporter. Two other items summarize, rather than report verbatim, bench conferences. Another item renews an objection to denial of funds for a private psychiatrist which is contained elsewhere in the record. The remaining item involves lack of a transcript of general voir dire. However, Smith does not object to the conduct of voir dire, but only to its omission from the record. Such an omission cannot be reversible error absent an allegation of harm resulting from the deletion. See *State v. Graham,* 246 Ga. 341 (271 SE2d 627) (1980). This enumeration has no merit.

3. Smith contends that the court erred by refusing to instruct the jury as to the law of involuntary manslaughter, OCGA § 16-5-3 (b) (Code Ann. § 26-1103), which states: "A person commits the offense of involuntary manslaughter in the commission of a lawful act in an unlawful manner when he causes the death of another human being without any intention to do so, by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm. A person

who commits the offense of involuntary manslaughter in the commission of a lawful act in an unlawful manner, upon conviction thereof, shall be punished as for a misdemeanor."

Smith asserts that he was attacked by the victim and drew the gun from his pocket and fired in self-defense. He does not contend that he shot Hamilton accidentally. We have examined this issue at length in other cases. See *Crawford v. State,* 245 Ga. 89 (3) (263 SE2d 131) (1980). Under the facts of this case, Smith was not entitled to the requested charge and it was not error for the trial court to refuse to give it.

4. Smith cites as error the court's refusal to grant his motion for funds to hire an independent psychiatrist to aid in the preparation of his defense. It is well settled that such a decision is committed to the discretion of the trial court. *Westbrook v. State,* 242 Ga. 151 (249 SE2d 524) (1978). Although the trial court ordered Smith to be examined by a state forensic evaluation team, no report was submitted into evidence. Smith did not plead that he was insane at the time of the shooting, nor did he exhibit unstable, irrational behavior during his trial. The record shows that he was able to aid in his defense by testifying in a composed and calm manner and the evidence presented at trial did not raise the issue of insanity. There is no indication that the trial court abused its discretion in this matter and this enumeration is without merit.

5. In his final enumeration Smith cites the general grounds. Viewed in a light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find the essential elements of the crime of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 7, 1983.

*G. Terry Jackson,* for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.