## A94A0524. NELSON v. THE STATE.
(445 SE2d 543)

BEASLEY, Presiding Judge.

Nelson was convicted of voluntary manslaughter, OCGA § 16-5-2 (a), and denied a new trial.

1. He contends that the evidence was insufficient to support his conviction because it clearly showed that he was justified in firing the fatal shot to defend himself, his wife, and his property.

The evidence construed in favor of the verdict showed that at about 1:30 a.m., Nelson's wife and Nelson, a 45-year-old shopping

mall security guard, were traveling in their car down a street in Macon on which were located a number of bars. Nelson had to stop because two apparently intoxicated young men, 19-year-old Morris and 16-year-old Carr, were wrestling in the street. Nelson blew the car horn and told them to get out of the way. Morris and Carr assumed "an attitude" and began to pound on Nelson's car. Heated words were exchanged.

Nelson exited his car and the two young men ran behind the corner of a building in an alley. As Nelson got back into his car and attempted to pull away, Morris and Carr returned and started jumping on and kicking the car; Morris reached in through the open car window and slapped Nelson. The Nelsons could not leave because the road was blocked. Nelson retrieved his .32 caliber handgun and the two youths ran down an alley. Nelson's wife yelled at her husband, "No. Stop. Don't shoot." Nelson "kind of jogged" to the entrance of the dark alley, aimed and fired a round and then aimed and fired a second shot. Carr, whose blood alcohol was .23 percent, was fatally wounded in the back.

" ' "A person commits the offense of voluntary manslaughter when he causes the death of another human being, under circumstances which would otherwise be murder, and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person; . . . ." [OCGA § 16-5-2.] "When a homicide is neither justifiable nor malicious, it is manslaughter, and if intentional, it is voluntary manslaughter." [Cit.]' [Cit.]" *Borders v. State*, 201 Ga. App. 754, 755 (412 SE2d 284) (1991).

The resolution of whether or not Nelson was acting in the heat of passion or with justification depended largely on the credibility of the witnesses, which was for the jury to assess. *Harris v. State*, 183 Ga. App. 219, 220 (1) (358 SE2d 634) (1987). The evidence was sufficient to enable the jury as rational trier of fact to find Nelson guilty of voluntary manslaughter beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Nelson contends that the trial court erred in refusing to give his request to charge #14, which he characterizes as a restatement of OCGA § 16-3-20 (6). The request also tracks the language of subsection (5) of the statute, but the failure to give that portion of it is not embraced within the enumeration and is not considered.

Realizing that justice might need wider berth than the legislature could articulate prospectively, it included subsection (6). This allows the defense of justification in circumstances unparticularized by the legislature but instead left to the jury, with the limitation that it be of the same quality as the enumerated instances. That is, the instance must stand on "the same footing of reason and justice" as those de-

scribed. The trial court rejected the charge as duplicative of the specific charges, but it is not. See *Wells v. State,* 200 Ga. App. 104, 107 (407 SE2d 86) (1991), Andrews, J., concurring specially. As stated there, "[w]hether conduct is justified by fitting within the criteria of subsections (1) through (5), or whether it stands upon the same footing as these defenses is necessarily dictated by the facts of each case."

When an entire charge fairly presents the issues to the jury, including the defendant's theory of the case, the trial court need not also charge specifically the defense of "justification" as stated in OCGA § 16-3-20. *Mallory v. State,* 166 Ga. App. 812, 814 (3) (305 SE2d 656) (1983). However, this was not the situation here.

Nelson's defense was self-defense, defense of his wife, and defense of his property (car), in a broad sense. That is, it was not defense from attack while in the very midst of a physical confrontation, as is classically the case, but rather it was an effort to prevent further and possibly more violent attack, which a jury could find he had reason to fear because of the youths' escalating violent behavior. Thus, even though the trial court charged the jury on justification in the specific context of defense of self or a third person as provided in OCGA § 16-3-21 (a) and defense of property as provided in OCGA § 16-3-24, such instruction alone failed to fairly present to the jury the law on Nelson's theory of the case and his defense of justification. See *Tarvestad v. State,* 261 Ga. 605, 606 (409 SE2d 513) (1991). The trial court erred in failing to charge justification under OCGA § 16-3-20 (6).

3. Nelson also enumerates as error the failure to charge the jury that the State had the burden of proving the absence of the elements of his justification defense.

No exception was taken to the charge and no reservation of right was made to later object. See *Griffith v. State,* 169 Ga. App. 957 (315 SE2d 490) (1984). However, we must consider a substantial error in a jury charge which is harmful as a matter of law, regardless of whether or not objection was made below. OCGA § 5-5-24 (c). The omission here qualifies.

The court's charge informed the jury about the presumption of defendant's innocence, the State's burden to prove every material allegation of the indictment and every element of the crime charged beyond a reasonable doubt, and that the burden never shifted to the defendant to prove his innocence. As in *Anderson v. State,* 262 Ga. 7, 10 (2) (413 SE2d 722) (1992): "Nowhere in the charge was the jury informed that when the affirmative defense of justification is raised by a defendant, the state has the burden of proving the absence of the elements of that affirmative defense; nor was the jury told that if they believed the defendant to have been justified, it would be their duty to acquit him."

Such critical omissions could lead the jury to conclude that it was the defendant's obligation to prove his justification for the shooting; they constituted an impermissible shifting of the burden. *Griffith*, supra. It is not plain from the charge as a whole that if the jury determined the shooting to be legally justified, it had to acquit. Compare *Hill v. State*, 205 Ga. App. 475, 476 (3) (422 SE2d 564) (1992).

Nelson's conviction must be reversed and a new trial afforded.

*Judgment reversed. Andrews and Johnson, JJ., concur.*

DECIDED JUNE 3, 1994 —
RECONSIDERATION DENIED JUNE 24, 1994 — .

*L. Elizabeth Lane*, for appellant.

*Charles H. Weston, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.