### A95A0568. PRINTUP v. THE STATE.
(458 SE2d 662)

JOHNSON, Judge.

Jerome Printup appeals from his conviction of aggravated battery.

1. Printup's challenge to the sufficiency of the evidence supporting the verdict is without merit. Myra Webb testified that she and Printup had an argument in her parents' home, during which he beat and kicked her, injuring her ribs, lung and face. Printup denied that he hit or kicked Webb, testifying that Webb started the altercation by jumping on and slapping him, that he pushed her, and that they then tussled and fell on a fireplace. Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Printup guilty beyond a reasonable doubt of aggravated battery. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Thompson v. State*, 156 Ga. App. 1, 1-3 (1), (2) (273 SE2d 894) (1980).

2. Printup contends the court erred in denying his motion for a new trial on the grounds that his trial counsel was ineffective in failing to interview and call defense witnesses, and in failing to request jury charges on accident and the lesser included offense of simple battery. The attorney testified at the motion for new trial hearing that Printup did not inform him of the identity of any of the witnesses whom Printup now claims the lawyer should have called to testify. Counsel also testified that his decision not to request charges on accident and simple battery was a trial strategy or tactic. Based on the attorney's testimony, the court's denial of Printup's motion for a new trial was not clearly erroneous. See *Roberts v. State*, 263 Ga. 807, 808-809 (2) (c) (439 SE2d 911) (1994); *Sydenstricker v. State*, 209 Ga. App. 418, 420-422 (3) (433 SE2d 644) (1993).

3. Printup claims his attorney was ineffective in failing to submit a written request for a jury charge on self-defense. At the charge conference, the attorney orally asked the court to give a self-defense charge, stating he did not submit a written request for such a charge because he presumed, based on the evidence presented, that it would be part of the court's standard jury charge. The court, however, refused to give a self-defense charge because the attorney had not made his request in writing and the evidence did not support such a charge. Printup's counsel did not object to the court's refusal to give the charge. Although Printup has raised the issue of the court's refusal to

give a self-defense charge in the context of an ineffective assistance of counsel claim and despite trial counsel's failure to object to the court's ruling, we must still determine the propriety of the court's ruling on the charge. "[W]e must consider a substantial error in a jury charge which is harmful as a matter of law, regardless of whether or not objection was made below. [Cit.]" *Nelson v. State*, 213 Ga. App. 641, 643 (3) (445 SE2d 543) (1994). Under the circumstances of the instant case, the trial court erred as a matter of law in refusing to give a self-defense charge and therefore we need not address the issue of the effectiveness of Printup's counsel.

"The trial court must charge the jury on the defendant's sole defense, even without a written request, if there is some evidence to support the charge. [Cits.]" *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991). Contrary to the finding of the trial court, Printup was the lone defense witness and the only defense theory raised by his testimony was self-defense. Printup's claim that Webb initiated the altercation by jumping on and hitting him and that he merely tried to push her away provides some evidence supporting a charge on self-defense. See OCGA § 16-3-21. Consequently, the court's refusal to give a charge on Printup's sole defense, even absent a written request for the charge, was erroneous as a matter of law. Because the jury was not instructed on Printup's sole defense theory, his conviction must be reversed and he is entitled to a new trial. See *Jackson v. State*, 154 Ga. App. 867, 869 (2) (270 SE2d 76) (1980).

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MAY 4, 1995 —
RECONSIDERATION DENIED MAY 31, 1995 —

*L. Stanford Cox III*, for appellant.

*Alan A. Cook, District Attorney, Christopher S. Brasher, Assistant District Attorney*, for appellee.