A96A0019. ROBINSON v. THE STATE.
A96A0020. SMITH v. THE STATE.
(473 SE2d 519)

Judge Harold R. Banke.

Co-defendants Robert Joseph Smith and Ricky Leslie Robinson, both white former Hapeville police officers, were convicted of voluntary manslaughter after shooting a black man in a parking lot at the Hertz Corporation's repair shop. The shooting occurred while both were on duty, responding to a report that the man had threatened a Hertz worker with a knife. The evidence showed that when Robinson arrived at the scene he initially spoke to several Hertz employees who pointed out the man and stated he had a knife. The defendants collectively assert ten errors, but because one is dispositive, we need not reach them all. *Held*:

1. The trial court erred in refusing to give a jury instruction tracking the language of OCGA § 17-4-20 (b) on the use of deadly force by police officers. Because this omission created a "substantial error in the charge which was harmful as a matter of law," we must reverse notwithstanding the fact that the charge was verbally requested after the jury began deliberating. OCGA § 5-5-24 (c).

At the heart of this case is the fact that the shooting occurred while the defendants were acting in the line of duty, responding to a citizen's complaint that the decedent had threatened to kill him. The requested charge addresses this fact, delineating when officers may use deadly force. The requested statute states in pertinent part: "Sheriffs and peace officers who are appointed or employed in conformity with Chapter 8 of Title 35 may use deadly force to apprehend a suspected felon only when the officer reasonably believes that the suspect possesses a deadly weapon or any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury; when the officer reasonably believes that the suspect poses an immediate threat of physical violence to the officer or others; or when there is probable cause to believe that the suspect has committed a crime involving the infliction or threatened infliction of serious physical harm." OCGA § 17-4-20 (b). This statute provides specific guidelines on the use of deadly force by law enforcement officers, the situation extant here.

The justification charge given was wholly inadequate to inform the jury of the applicable law. The charge given applied to ordinary citizens, not to law enforcement officers acting in the line of duty. It did not allow for the use of deadly force on the reasonable belief that the suspect possessed a deadly weapon. The undisputed evidence showed that the officers were responding to a report that the decedent had threatened a man with a knife. The entire defense was based on the premise that the defendants' actions were justified because of their unique position as law enforcement officers, yet the charge given failed to contemplate that status in any way.

Furthermore, the charge given failed to inform the jury that "when the affirmative defense of justification is raised by a defendant, the state has the burden of proving the absence of the elements of that affirmative defense," which is reversible error in itself. *Nelson v. State*, 213 Ga. App. 641, 643 (3) (445 SE2d 543) (1994).[1] In addition, the court failed to charge the jury that if they believed the defendants were justified, their duty was to acquit. Id. It is not "plain from the charge as a whole that if the jury determined the shooting to be legally justified, it had to acquit." Id. at 644. Because the justification charge given was inadequate and the requested charge went to the core of the defense with sufficient evidence to support it, a new trial is required.[2] *Printup v. State*, 217 Ga. App. 495, 496 (3) (458 SE2d 662) (1995).

---

[1] Although the court charged on the burden of proof as to affirmative defenses, it never characterized justification as such.

[2] On retrial, we advise the trial court to evaluate the final sentence of OCGA § 17-4-20 (b) in light of *Tennessee v. Garner*, 471 U. S. 1, 11 (105 SC 1694, 85 LE2d 1) (1985).

2. Robinson and Smith argue that the loss of transcripts and tapes from certain pretrial proceedings during a move entitled them to a new trial.[3] Although this loss is deeply troubling and impugns the recordation requirements of both OCGA §§ 5-6-41 (a) and 17-8-5 (a), we are bound by Supreme Court precedent which requires defendants to prove harm arising from the loss. *Smith v. State*, 251 Ga. 229, 230 (2) (304 SE2d 716) (1983). We cannot find reversible error on this ground because they failed to show harm.

3. Because the following issues may arise on retrial, we will address them. Marital privilege justified the exclusion of suicidal statements the decedent allegedly related to his wife on the day this incident occurred. *White v. State*, 211 Ga. App. 694, 695-696 (3) (440 SE2d 68) (1994); *Ga. Intl. Life Ins. Co. v. Boney*, 139 Ga. App. 575 (1), 576 (228 SE2d 731) (1976); OCGA § 24-9-23. Inasmuch as the record established that the communications were confidential, the wife's testimony was not compellable. *Wilcox v. State*, 250 Ga. 745, 754-755 (3) (301 SE2d 251) (1983). Absent a sufficient showing that the defendants' right of confrontation necessitated the abrogation of the marital privilege, this argument lacks merit. *Brown v. State*, 261 Ga. 66, 71 (5) (401 SE2d 492) (1991); compare *Bobo v. State*, 256 Ga. 357, 359 (3) (349 SE2d 690) (1986).

4. We reject Robinson's argument that the indictment should have been quashed because the State may not have properly administered the statutory oath to the grand jury witnesses. Assuming that the requisite oath was not administered in accordance with OCGA § 15-12-68, this would not entitle Robinson to a new trial. *Gossitt v. State*, 182 Ga. 535 (1) (186 SE 417) (1936).

*Judgments reversed. Johnson, J., concurs. Ruffin, J., concurs in the judgments only.*

DECIDED JUNE 11, 1996 —
RECONSIDERATION DENIED JUNE 26, 1996 —

*Michael E. Bergin*, for appellant (case no. A96A0019).
*Lee Sexton*, for appellant (case no. A96A0020).
*Lewis R. Slaton, District Attorney, Willliam C. Akins, Carl P. Greenberg, Assistant District Attorneys*, for appellee.

---

[3] The record shows that the statutory requisites of OCGA § 5-6-41 were satisfied with regard to the pretrial motion proceedings at issue. The parties could not agree on their recollection of the proceedings, and the court issued an order in which it stated it could not recall what transpired.