## A97A2269. PARKER v. THE STATE.
(497 SE2d 62)

POPE, Presiding Judge.

A jury convicted defendant Clinton Washington Parker of committing simple battery (OCGA § 16-5-23) upon Eu-londa Hines on February 20, 1996. The jury also convicted defendant of committing battery (OCGA § 16-5-23.1) upon, and making terroristic threats (OCGA § 16-11-37 (a)) to, Hines on August 8, 1996. We reverse defendant's battery conviction and affirm his convictions for simple battery and making terroristic threats.

At trial, evidence was adduced from which a rational jury could conclude beyond a reasonable doubt as follows: On February 20, 1996, defendant and Hines, who had once been in a romantic relationship, were living together at a residence in Clayton County, Georgia. On that date, they became involved in a verbal exchange. During the exchange, defendant grabbed Hines and threw her down. He also tore off portions of her clothes and placed his hand over Hines' mouth to prevent her from screaming. As a result of the above,

---

Hines fled the residence, but she returned shortly with the police. When the police insisted that either defendant or Hines leave the residence for the night, Hines spent the night elsewhere. The next day, Hines took out a warrant for defendant, and defendant was arrested on the warrant during the early summer of 1996. He subsequently was bound over by a magistrate.

Based on a promise that defendant would permanently leave their residence, Hines helped defendant make bond. Instead of permanently leaving, however, on August 8, 1996, defendant returned to the residence. On that date, defendant and Hines again became involved in an argument. During this argument, it is undisputed that defendant grabbed Hines' hand, thereby breaking several of Hines' fingernails and causing her fingers to bleed. Defendant also struck Hines in the head, which resulted in bruising. At trial defendant claimed that his actions in grabbing Hines' hand and striking her were justified because they were defensive measures taken to prevent Hines from stabbing defendant with a boning knife she had picked up. Following this altercation, defendant fled the residence. After doing so, he threatened to kill Hines.

1. Based on the above evidence, we conclude that the jury was authorized to find defendant guilty of the crimes for which he was convicted under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We agree with defendant's contention, however, that his conviction based on the battery charge stemming from the events of August 8, 1996, must be reversed because the trial court committed reversible error in failing to instruct the jury concerning defendant's sole defense to that charge, which was justification based on self-defense. See OCGA §§ 16-3-20 (1); 16-3-21.

Although we acknowledge that defendant failed to request any charge on justification based on self-defense, and that generally, the failure to give an unrequested charge is not error, see *Meyer v. State*, 201 Ga. App. 756 (412 SE2d 575) (1991), it is well settled in this State that the failure to give a charge on a defendant's sole defense in a criminal case, even without a request, constitutes reversible error if there is some evidence to support the charge. *Printup v. State*, 217 Ga. App. 495, 496 (458 SE2d 662) (1995); *Animashaun v. State*, 207 Ga. App. 156, 159-160 (2) (427 SE2d 532) (1993); *Wells v. State*, 200 Ga. App. 104, 105 (1) (407 SE2d 86) (1991). In the instant case, contrary to the State's assertion, the only defense defendant raised in response to the battery charge was justification based on self-defense. His testimony that he was never the aggressor and that the actions he took against Hines were dictated by his desire to prevent Hines from injuring him with a boning knife provides some evidence supporting a charge on self-defense justification. *Printup*, 217 Ga.

App. at 496; see OCGA §§ 16-3-20 (1); 16-3-21.

In the absence of such a charge, the trial court's instructions to the jury as a whole contained omissions which constituted substantial error that was harmful as a matter of law. Consequently, defendant's failure to take exception to the trial court's jury instructions, or reserve the right to later object to the instructions, does not bar us from considering this matter on appeal. See OCGA § 5-5-24 (c); *Nelson v. State*, 213 Ga. App. 641, 643 (3) (445 SE2d 543) (1994); *Animashaun*, 207 Ga. App. at 159-160 (2). Specifically, the jury instructions failed to inform the jury that if they believed defendant was justified in acting against Hines as he did, it was their duty to acquit him of having committed battery. Additionally, the instructions failed to inform the jury that the State had the burden of proving the absence of the elements of defendant's justification defense. "Such critical omissions could lead the jury to conclude that it was defendant's obligation to prove his justification for [his actions against Hines]. [Accordingly,] they constituted an impermissible shifting of the burden [of proof onto defendant]." (Citation omitted.) *Nelson*, 213 Ga. App. at 643-644 (3).

In light of the above, defendant's conviction for battery must be reversed, and the case must be remanded for a new trial regarding that alleged offense. Id.; *Printup*, 217 Ga. App. at 496 (3); *Wells*, 200 Ga. App. at 105 (1).

3. We find no merit to defendant's contention that all of his convictions must be reversed because the trial court improperly expressed an opinion as to the sufficiency of the evidence against defendant in response to a note received from the jury during their deliberations. The note requested that the jury be allowed to see certain items, including police reports, which were referred to by various witnesses during trial. In response, the trial court instructed the jury that police reports did not usually constitute admissible evidence because they were normally filled with hearsay, and thus, that they were not normally introduced into evidence. This was a correct statement of the law. See *Gann v. State*, 190 Ga. App. 82, 83 (1) (378 SE2d 369) (1989). The trial court then merely instructed the jury to base its verdict on the evidence that was introduced in the case.

Contrary to defendant's assertion, the trial court's responsive instructions did not intimate to the jury any opinion the trial court may have had regarding the sufficiency of the evidence presented in the case. Thus the instructions do not constitute error. Because of this, and our holding in Division 1, defendant's convictions for simple battery and making terroristic threats are affirmed.

*Judgment affirmed in part and reversed in part. Johnson and Blackburn, JJ., concur.*

DECIDED FEBRUARY 13, 1998.

*Patricia F. Angeli*, for appellant.

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.