A05A1298. WHITING v. THE STATE.
(620 SE2d 480)

BARNES, Judge.

Following a stipulated bench trial, Laura Whiting appeals from her conviction for possession of methamphetamine, contending that the evidence against her resulted from an improper search. For the reasons that follow, we affirm.

> When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, when a motion to suppress is heard by the trial judge, that

---

judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to [the] questions of fact and *credibility* must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations and punctuation omitted.) *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

At the hearing on the motion to suppress, an officer with the Cornelia Police Department testified that while performing security patrol for a convenience store he observed a car in the parking lot with a broken rear window. When he approached the car, he saw an open container of beer in the front console. A passenger in the car informed the officer that the container belonged to the owner of the car, who was in the store. The officer continued speaking to the passenger until the owner of the car arrived, who was identified as Whiting. During their conversation, the officer noticed that Whiting appeared "very nervous" and "talkative, jumpy." Whiting was also moving back and forth and talking fast.

Concerned that Whiting might have a weapon, the officer asked for permission to search her and Whiting consented. Since Whiting was female, the officer searched her using the back of his hand. During the search, he noticed a hard object in her lower pocket, and she jumped back when he patted the object. Fearing it might be a weapon, the officer continued the search and retrieved the object, which was a clear plastic case containing small bags of white powder. Whiting told the officer that the drugs belonged to someone else, but did not say who that person was. She was arrested for possession of methamphetamine, and thereafter filed a motion to suppress the search, arguing that her movement away from the officer acted as a withdrawal of her consent. The motion was denied, and following a bench trial, Whiting was found guilty.

Whiting argues that the trial court erred in denying her motion to suppress because the search was not authorized in a level one encounter, the officer was not authorized to retrieve any object from her pocket, and she had the right to walk away at any time. We do not agree.

In Georgia, we recognize three levels of police-citizen encounters: In the first level, police officers may approach

citizens, ask for identification, and freely question the citizen without any basis or belief that the citizen is involved in criminal activity, as long as the officers do not detain the citizen or create the impression that the citizen may not leave. This tier provides no Fourth Amendment protection.

(Footnote omitted.) *State v. Ledford*, 247 Ga. App. 412, 413-414 (1) (a) (543 SE2d 107) (2000). Moreover, "it is well established that an officer's approach to a stopped vehicle and inquiry into the situation are not a stop or seizure but rather clearly fall within the realm of the first type of police-citizen encounter." (Punctuation and footnote omitted.) Id. at 414 (1) (a). And, contrary to Whiting's argument, a request to search made during the course of a first-tier encounter does not transform the encounter into a second-tier *Terry* stop. "[I]t is clear that merely requesting consent for a search is not a seizure and does not require articulable suspicion." (Punctuation and footnote omitted.) Id.

When, as here, the State seeks to justify a warrantless search on grounds of consent, it has the burden of proving the consent was freely and voluntarily given. *Sutton v. State*, 223 Ga. App. 721, 724 (1) (478 SE2d 910) (1996). Once voluntary consent is given, it continues until it is either revoked or withdrawn. *Garcia v. State*, 207 Ga. App. 653, 656 (1) (d) (428 SE2d 666) (1993). Here, the officer asked for consent to search and the evidence supports the ruling of the trial court that Whiting's consent to search was freely and voluntarily given.

Moreover, even absent Whiting's consent, given her demeanor and the officer's concern for his safety, the officer would have been authorized to conduct a pat-down to determine whether she was armed. "An officer may take appropriate self-protective measures when he lawfully confronts an individual and reasonably believes him to be armed or otherwise dangerous to the officer or others. The usual police response will be to conduct a frisk, patting the individual's clothing in search of a weapon." (Citation and punctuation omitted.) *Chaney v. State*, 207 Ga. App. 72, 72-73 (427 SE2d 63) (1993). What is more, when the officer sensed the hard object that he reasonably feared could be a weapon, he was authorized to remove the object from Whiting's pocket. *Roberts v. State*, 193 Ga. App. 96, 99-100 (386 SE2d 921) (1989).

Therefore,

[w]e reject [Whiting's] argument that [her movement away] was merely a "withdrawal" of [her] consent to search. It is true that consent to search may be withdrawn. And it is also true that the actions which may constitute a withdrawal are

not categorically written in stone. But it is equally clear that any action which purports to be a withdrawal of consent must be recognizable as such based upon an objective standard of reasonableness. [Jumping back] cannot reasonably be construed as a "withdrawal" of consent. Instead, it is equally, if not eminently more, reasonable to view [the action] as an attempt to avoid the consequences of consent.

(Footnote omitted.) *Higdon v. State*, 261 Ga. App. 729, 734-735 (a) (583 SE2d 556) (2003).

*Judgment affirmed. Johnson, P. J., concurs. Ruffin, C. J., concurs in judgment only.*

DECIDED AUGUST 26, 2005.

*Whitmer & Law, James H. Whitmer, George H. Law II,* for appellant.

*Michael H. Crawford, District Attorney, Earnest J. McCollum, Assistant District Attorney,* for appellee.