A07A0402. MITCHELL v. THE STATE.
(656 SE2d 145)

BERNES, Judge.

Following a bench trial, Steven G. Mitchell was convicted of multiple offenses related to the molestation of two minor females. On appeal from the denial of his motion for new trial, Mitchell contends that the trial court erred in denying his motion to suppress; that the failure to preserve two videotapes requires a new trial; and that there was insufficient evidence to convict him. For the reasons discussed below, we affirm.

Viewed in the light most favorable to the trial court's findings and judgment, the evidence shows that Mitchell lived with his girlfriend at her residence located in Butts County. On August 7, 2002, two sheriff's deputies were dispatched to the residence in order to respond to a report of an ongoing domestic dispute. When the deputies arrived, Mitchell and Tracey Couch, the daughter of Mitchell's girlfriend, were standing in the front yard engaged in a heated argument. They were arguing over a videotape that Couch had in her possession. Couch told the deputies that Mitchell had been secretly

---

videotaping her mother and herself without their permission. Mitchell denied the allegation, contended that the videotape was of movies he had recorded on television, and repeatedly asked Couch to give the videotape back to him.

The deputies, Couch, and Mitchell went into the residence to further discuss the situation. While they were inside, Mitchell tried to physically snatch the videotape from Couch. The officers warned Mitchell not to touch Couch while they were investigating the matter. Couch then asked the deputies whether they could go ahead and watch the videotape and resolve the issue right then. The deputies looked at Mitchell, who stated that he had no objection to them viewing the videotape because "there was nothing on it." Couch handed the videotape to one of the deputies, who placed the videotape in the VCR and played it. The videotape began with prerecorded movies but then cut to a home movie of Mitchell masturbating in the presence of two minor females. The deputies thereafter arrested Mitchell.

A search warrant was obtained for the residence. A few hours after Mitchell's arrest, multiple videotapes were seized from the home, including a second videotape that showed Mitchell orally sodomizing a minor female. Based on the images found on the two videotapes, Mitchell was charged with multiple sex-related offenses. Mitchell subsequently was interviewed by a detective and confessed that he had made the two videotapes.

Mitchell moved to suppress the admission of the two videotapes under the Fourth Amendment to the United States Constitution and Article I, Section I, Paragraph XIII of the Georgia Constitution of 1983. He contended that the deputies had illegally searched and seized the first videotape by taking and playing it without first obtaining a search warrant. Mitchell further argued that based on the alleged illegal search and seizure of the first videotape, the second videotape should be suppressed as fruit of the poisonous tree. After conducting an evidentiary hearing, the trial court denied the motion. Among other things, the trial court found that Mitchell had consented to the deputies playing the first videotape, thereby obviating the need for a search warrant.

After Mitchell's motion was denied, the parties agreed to a stipulated bench trial. The two videotapes were admitted at the bench trial over Mitchell's renewed objection that their search and seizure was unconstitutional. The parties stipulated that the first videotape "depict[ed] the defendant masturbating in one room looking through the doorway at two juvenile females in and out of the next room," whereas the second videotape "portray[ed] the defendant in performing oral sodomy on one of those same females, a minor." The

parties further stipulated that following his arrest, Mitchell confessed to making the two videotapes. Additionally, the parties stipulated that if called as witnesses, the two minor female victims would testify to the following:

[V. T.] is a minor, one of the minor females, age fourteen. She would testify to that and was also interviewed by [an investigator] that that was her age, that she was a neighbor of the defendant . . . , that she in fact was the person shown on both videotapes including the sodomy, that in fact she had taken money for it but it was at the suggestion of the defendant that she engaged in these activities. And she would further testify that this happened on more than one occasion while she was living next door during the first part of August of 2002.

. . .

[C. M.] would testify that she is age 12, . . . that she was visiting a relative of hers also in the neighborhood and that's how she got to meet [V. T.]. They in fact were, during the first eight days of August, at the defendant's house . . . , that they were there ostensibly to clean the house, that during that time she and [V. T.] had discussions that the defendant was masturbating in the other room, and they were aware of it, that [C. M.] found it objectionable and tried to persuade [V. T.] to leave.

After placing these stipulations on the record, the parties agreed to have the trial court watch the two videotapes outside of their presence. The trial court subsequently found Mitchell guilty of aggravated child molestation, enticing a child for indecent purposes, child molestation, solicitation of sodomy, and sexual exploitation of children.

1. Mitchell argues that the trial court should have suppressed the two videotapes. Specifically, he contends that the deputies unconstitutionally seized the first videotape when Couch handed it to them and the deputies placed the tape in the VCR for viewing. Mitchell further contends that the playing of the videotape by the deputies constituted an unconstitutional search. According to Mitchell, the deputies should have obtained a search warrant prior to taking and playing the first videotape. Finally, Mitchell asserts that

the search and seizure of the second videotape was tainted as fruit of the poisonous tree.[1]

In reviewing the denial of Mitchell's motion to suppress, we accept the trial court's factual findings and credibility determinations unless clearly erroneous. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). We construe the evidence in the light most favorable to the trial court's decision and affirm if there is any evidence to support the trial court's findings. Id. Viewing the record in this manner, we conclude that the trial court committed no error in denying the motion to suppress.

First, the deputies did not unlawfully seize the first videotape when Couch handed it to them and they placed it in the VCR for viewing. Without being asked by the deputies to do so, Couch spontaneously and voluntarily handed the videotape to the deputies. According to Couch and the deputy who testified at the suppression hearing, Mitchell raised no objection to Couch handing the videotape to the deputies and in fact stated that he had no problem with them viewing the tape. Under these circumstances, there was no unconstitutional seizure of the videotape under the United States and Georgia Constitutions. See *Harris v. State*, 165 Ga. App. 249, 251-252 (4) (299 SE2d 924) (1983) (no illegal seizure when a third party voluntarily gave the officer the personal property at issue); *Neal v. State*, 159 Ga. App. 450, 451-452 (3) (283 SE2d 671) (1981) (same).

Second, the playing of the videotape without first obtaining a search warrant was not an unconstitutional search.

> Generally, a search based on voluntary consent eliminates the need for a search warrant or probable cause. In a consent search, the burden is upon the state to demonstrate that the consent was voluntarily given, and not the result of duress or coercion, express or implied. Voluntariness is a question of fact to be determined from all the circumstances.

(Citations and punctuation omitted.) *Butler v. State*, 272 Ga. App. 557, 558 (612 SE2d 865) (2005). See also *Whiting v. State*, 275 Ga. App. 251, 253 (620 SE2d 480) (2005).

Here, the circumstances reflect that Mitchell voluntarily consented to the playing of the videotape. As noted, Couch and one of the deputies both testified at the suppression hearing that Mitchell stated that he had no objection to the playing of the tape. And,

---

[1] Mitchell also argues that the deputies' initial entry into his residence was unconstitutional. But, Mitchell did not raise this argument in his motion to suppress or at the hearing on the motion, so he cannot raise it now on appeal. *Williams v. State*, 273 Ga. App. 637, 639 (2) (615 SE2d 789) (2005).

construed in favor of the trial court's ruling, the record indicates that the deputies did not threaten or coerce Mitchell to induce him into consenting to the viewing of the tape. Hence, the deputies' playing of the videotape did not violate the United States or Georgia Constitutions. See, e.g., *Butler*, 272 Ga. App. at 558-559.

For these reasons, the trial court properly denied Mitchell's motion to suppress the first videotape. The fact that Mitchell testified at the suppression hearing to an entirely different version of events does not change this result, since "the trial court, and not this Court, resolves issues of credibility and conflicting evidence" in granting or denying a motion to suppress. *Davis v. State*, 232 Ga. App. 450 (1) (501 SE2d 241) (1998). Furthermore, because the first videotape was not searched or seized unlawfully, there was no taint upon the search and seizure of the second videotape, and so Mitchell's motion was properly denied as to that tape as well. Mitchell thus has articulated no ground for reversal.

2. Mitchell next argues that he is entitled to a new trial because the two videotapes admitted into evidence at his bench trial cannot be located and thus cannot be reviewed on appeal. It is true that the loss of transcripts and/or exhibits violates the recording requirements of OCGA §§ 5-6-41 (a) and 17-8-5 (a) and can result in the grant of a new trial. Cf. *In the Interest of L. G.*, 230 Ga. App. 153, 154-155 (495 SE2d 628) (1998) (granting a new deprivation hearing when, in contravention of a mandatory recording statute, the tape recording of the hearing had been destroyed). Before a new trial is mandated, however, the defendant must show that the incomplete trial record is harmful in some way or otherwise prevents this Court from carrying out its review function. See *Smith v. State*, 251 Ga. 229, 230 (2) (304 SE2d 716) (1983); *Johnson v. State*, 283 Ga. App. 524, 525-526 (1) (642 SE2d 170) (2007); *Robinson v. State*, 221 Ga. App. 865, 867 (2) (473 SE2d 519) (1996).

Mitchell has failed to demonstrate that the loss of the videotapes has harmed him or precludes us from reviewing any of the issues he has raised on appeal. Significantly, although the videotapes themselves are missing, the parties stipulated to the contents of the tapes at the bench trial and to the proffered testimony of the minor female victims, as discussed in Division 1. Thus, while the fact that the two videotapes are missing is troubling, it does not prevent us from carrying out our essential review function. Consequently, the trial court did not err in declining to grant Mitchell a new trial on this ground. See *Smith*, 251 Ga. at 230 (2); *Johnson*, 283 Ga. App. at 525-526 (1); *Robinson*, 221 Ga. App. at 867 (2).

3. In his final enumeration of error, Mitchell contends that there was insufficient evidence to convict him of aggravated child molestation, enticing a child for indecent purposes, child molestation,

solicitation of sodomy, and sexual exploitation of children. Mitchell's sole argument in this regard is that the absence of the two videotapes from the record prevents the state from showing that it had sufficient evidence to convict him. But, as previously discussed, Mitchell stipulated to the contents of the videotapes and the other testimony proffered at the bench trial. Based on those stipulated facts, we conclude that there was sufficient evidence for a rational trier of fact to find Mitchell guilty beyond a reasonable doubt of the charged offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also OCGA §§ 16-6-4 (a) (child molestation); 16-6-4 (c) (aggravated child molestation); 16-6-5 (a) (enticing a child for indecent purposes); 16-6-15 (a) (solicitation of sodomy); 16-12-100 (b) (1) (sexual exploitation of children).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 28, 2007 — RECONSIDERATIONS DENIED DECEMBER 11, 2007 AND DECEMBER 20, 2007 ▮

*Sexton, Key & Hendrix, Joseph S. Key*, for appellant.
*Richard G. Milam, District Attorney*, for appellee.