### A08A1640. THE STATE v. DURRENCE.
(671 SE2d 261)

JOHNSON, Presiding Judge.

The state appeals the trial court's grant of John Durrence's motion to suppress evidence discovered inside his residence during

---

what the state contends was a valid search pursuant to consent. For the reasons set forth below, we affirm.

In reviewing a trial court's ruling on a motion to suppress, we construe the evidence most favorably to upholding the findings of fact and judgment of the trial court.[1] We must accept the trial court's findings on disputed facts and credibility unless those findings are clearly erroneous, and the trial court's findings will not be disturbed if there is any evidence to support them.[2] Viewed in this light, the record shows that a deputy with the Effingham County Sheriff's Department responded to a disorderly conduct complaint at Durrence's residence. When the deputy arrived, Durrence was outside the house. According to the deputy, he was initially unable to ascertain who had made the disorderly complaint upon arrival due to Durrence's intoxication, but Durrence eventually indicated that the offender had left the premises. The deputy secured the scene and made sure no one entered or exited the residence.

Another deputy arrived 15 minutes later and heard an occupant inside the residence screaming that Durrence had marijuana in the house and was growing marijuana. Without the permission of Durrence, this deputy entered the house to speak with the occupant inside. The deputy then left the house to question Durrence about the allegations and obtained Durrence's verbal and written consent to search the residence. The deputy did not read the written consent form to Durrence and did not advise Durrence that he had the right to refuse to give consent or that he could withdraw his consent. In addition, the deputy testified that during this time, Durrence was not free to leave the premises.

The state argues that the trial court erred in granting Durrence's motion to suppress because the search of his residence was subject to a valid consent. However, in granting the motion to suppress, the trial court entered several findings. The trial court specifically found that Durrence was in custody at the time the second deputy arrived on the scene, yet no officer informed Durrence of his *Miranda* rights. In addition, the trial court found that Durrence was intoxicated and that this intoxication contributed to the invalidity of his consent.

"The State has the burden of proving the validity of a consensual search and must show the consent is given voluntarily."[3] The voluntariness of consent is determined by looking at the totality of the circumstances, and the standard for measuring the scope of a

---

[1] See *State v. Batty*, 259 Ga. App. 431 (577 SE2d 98) (2003).

[2] See id.; *State v. Jourdan*, 264 Ga. App. 118, 119 (589 SE2d 682) (2003).

[3] (Citation and punctuation omitted.) *Jourdan*, supra at 120-121 (1).

suspect's consent is that of objective reasonableness.[4] Mere acquiescence to the authority asserted by a police officer cannot substitute for free consent.[5] "And, we are required to scrutinize closely an alleged consent to search."[6]

Pretermitting whether Durrence was illegally detained or arrested without probable cause prior to giving his consent to search, the evidence supports the trial court's determination that Durrence's consent was involuntary. Although there is no requirement that a defendant be informed of his right to refuse consent, this knowledge is one factor to be considered in assessing voluntariness.[7] The appropriate inquiry is whether a reasonable person would feel free to decline the officer's request to search or otherwise terminate the encounter.[8] Here, the evidence specifically shows that there were a number of police officers at the scene, Durrence was not free to leave, the officer requesting permission to search did not advise Durrence that he could refuse consent to search, and at least one officer testified that Durrence was intoxicated. The trial court found that this intoxication contributed to the invalidity of the search.

The Supreme Court of Georgia has consistently held that a trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous.[9] And we have held that "in the absence of evidence of record *demanding* a finding contrary to the judge's determination, the appellate court will not reverse the ruling sustaining a motion to suppress."[10] Since the trial court's findings in the instant case are supported by the evidence and the evidence does not demand a finding contrary to the trial court's decision, the court's ruling on the motion to suppress must be affirmed.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED DECEMBER 12, 2008.

*Richard A. Mallard, District Attorney, Brian A. Deal, Assistant District Attorney*, for appellant.

---

[4] Id. at 121 (1).

[5] See *State v. Westmoreland*, 204 Ga. App. 312, 313 (2) (418 SE2d 822) (1992).

[6] (Citation and punctuation omitted.) *Jourdan*, supra.

[7] See *Westmoreland*, supra at 314 (2).

[8] See *Corley v. State*, 236 Ga. App. 302, 306 (1) (b) (512 SE2d 41) (1999).

[9] See *Woodruff v. State*, 233 Ga. 840, 844 (3) (213 SE2d 689) (1975).

[10] (Citation and punctuation omitted; emphasis in original.) *State v. Stephens*, 289 Ga. App. 167 (657 SE2d 18) (2008).

*Donna M. Carnley, Robert L. Persse*, for appellee.