A10A1766. PRICE v. THE STATE.
(701 SE2d 527)

JOHNSON, Judge.

We granted Jerry Price's application for discretionary review to determine whether the trial court erred in denying his motion to suppress marijuana found in plain view when police officers entered his home without a warrant and without consent. Because we find no exigent circumstances to justify the officers' actions, we reverse the trial court's order.

Under the Fourth Amendment, even if police officers have probable cause, they are prohibited from entering a person's home without a warrant, absent consent or a showing of exigent circumstances.[1] The record in the present case shows that police were dispatched to Price's residence in reference to a domestic disturbance. When the officers arrived, they were met outside the residence by Price and the complainant, Lacretia Mitchell. After speaking with Price and Mitchell, the officers determined that Price was

---

[13] See *Robertson v. State*, 225 Ga. App. 389 (1) (484 SE2d 18) (1997).
[1] *State v. Ealum*, 283 Ga. App. 799, 801 (643 SE2d 262) (2007).

the lawful resident of the house and that Mitchell was visiting. Mitchell told the officers that she and Price "were in a short struggle and that he had put his hands on her" while they were in the living room At some point, the officers entered the residence for the purpose of investigating whether a battery had occurred. While looking for evidence of a battery, officers observed a small amount of suspected marijuana in plain view and arrested Price for violation of the Georgia Controlled Substances Act. Price was not arrested for battery.

It is undisputed that the officers did not ask Price for consent to enter his residence and that Price never gave the officers express permission to enter his residence. It is further undisputed that the officers did not have a warrant to enter Price's residence. As such, the state was required to prove that exigent circumstances existed in order to justify the warrantless entry into Price's residence.[2] The state failed to carry this burden.

The state argues that the officers were entitled to enter Price's residence to look for and preserve the potential battery scene. However, law enforcement officers may not conduct a warrantless search of a known crime scene simply because they are lawfully present and a crime recently occurred there.[3] Even while on location to investigate a known crime scene, without a warrant or consent there must be exigent circumstances to allow law enforcement to enter someone's residence.[4]

The state points to case law holding that exigent circumstances exist whenever the police have probable cause to believe that any evidence will be removed or destroyed before a warrant can be obtained.[5] However, there was no testimony from the officers in the present case reflecting that the entry was necessary to prevent evidence from being removed or destroyed before they could obtain a warrant.[6] Both participants in the alleged domestic disturbance were outside the house, and there was no evidence that anyone else was inside the house. The facts as shown by the record in this case "present no compelling reason to justify the failure of law enforce-

---

[2] Id. at 802.

[3] See *Reaves v. State*, 284 Ga. 181, 183 (2) (a) (664 SE2d 211) (2008) (no murder scene exception to the warrant requirement).

[4] Id.

[5] See *James v. State*, 294 Ga. App. 656, 659 (670 SE2d 181) (2008) (exigent circumstances existed where the front door was open, police knew someone was in the house, and that person did not respond to the officers).

[6] Compare *Minor v. State*, 298 Ga. App. 391, 396-397 (1) (b) (680 SE2d 459) (2009) (exigent circumstances existed where defendant ran back into house while officers were waiting for a search warrant to be obtained and officers had probable cause to believe contraband was in the house and might be destroyed).

ment officers to place the matter before a detached and neutral judicial officer.'"[7] The state failed to carry its burden of establishing that exigent circumstances existed to support the warrantless entry into Price's home, and the trial court therefore erred in denying Price's motion to suppress.

The state further argues that the officers were never told they could not enter the residence and that Price did not object when he saw them entering the residence. However, it is the state's burden to show the validity of a consensual search and that the consent was given voluntarily.[8] Here, there is no dispute that the officers did not obtain consent to enter the residence. "Mere acquiescence to the authority asserted by a police officer cannot substitute for free consent."[9] Because the officers in the present case had no warrant, no consent, and no exigent circumstances to justify their entry into Price's residence, the trial court's order denying Price's motion to suppress is hereby reversed.

*Judgment reversed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED SEPTEMBER 13, 2010.

*Daniel K. Milam*, for appellant.

*Alan R. Tawse, Jr., Solicitor-General, Gina M. Stout, Assistant Solicitor-General*, for appellee.

---

[7] (Citation and punctuation omitted.) *Ealum*, supra at 803.

[8] See *State v. Durrence*, 295 Ga. App. 216, 217 (671 SE2d 261) (2008).

[9] (Citation omitted.) Id. at 218.