**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 15, 2022**

# In the Court of Appeals of Georgia

A22A1701. CRUZ v. THE STATE.

DOYLE, Presiding Judge.

Following a jury trial, Tristen Dale Cruz was convicted of 19 counts of sexual exploitation of children.[1] He moved to suppress child pornography images found on a tablet, laptop, and computer discs found in his hotel room, and the trial court denied the motion at a hearing. Cruz appeals the denial of his subsequent motion for new trial, arguing that the trial court erred by denying his suppression motion. For the reasons that follow, we affirm.

When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, when a motion to suppress is heard by the

---

[1] The trial court merged the 19 counts at a resentencing hearing.

trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[2]

So viewed, the record shows that in March 2015, several sex offenders, including Cruz, who was on probation, lived at the Homestead Inn in Cherokee County. Police learned that someone had been downloading child pornography at that location, and they decided to visit the hotel to verify that those sex offenders were living there as they claimed.

Probation officer J. S., another probation officer, and two deputies went to Cruz's door.[3] J. S., who was aware that Cruz's probation terms did not include a Fourth Amendment waiver, knocked on his door. When Cruz opened the door, J. S. asked whether she and the other probation officer could "come in and search," and

---

[2] (Citations and punctuation omitted.) *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

[3] According to J. S., Cruz was behind on his required payments to a treatment provider at the time. Police did not have a warrant.

Cruz replied, "sure." J. S. asked if the two deputies who had accompanied her could enter and search, and Cruz said, "sure, . . . I don't have that right anymore." J. S. replied, "[W]ell, I'm asking you now, can the deputies come and search with us, and he said, 'sure, come in,'" gesturing with his hands and stepping back to allow the group inside. The other probation officer on the scene testified at the suppression hearing that Cruz was "cordial. He cooperated. He didn't look like he was agitated, upset or anything."

Police found a tablet and a laptop in the room, as well as multiple compact discs under his mattress. Cruz was placed under arrest after officers viewed a DVD located in the room and saw images of juveniles performing sexual acts on an adult male.

Cruz was charged with 20 counts of sexual exploitation of children. He moved to suppress the evidence found in the motel room, and following a hearing, the trial court denied the motion. The jury found Cruz guilty on all counts, and the court sentenced him to 60 years, to serve 15.[4] Thereafter, Cruz moved for a new trial, which motion the trial court denied. In the order, the trial court found that Cruz consented to the search and noted that "[l]aw enforcement is not required to fully inform the

_____

[4] The trial court entered a directed verdict as to one of the 20 indicted counts.

3

[d]efendant of his rights or that the probation officer does not have a previously executed waiver," citing *State v. Durrence*.[5] The trial court granted Cruz's subsequent amended motion for new trial, merging all 19 counts of sexual exploitation and resentencing him to 20 years to serve 15.

1. Cruz argues that the trial court erred by denying his motion to suppress because his consent was invalid. Because the evidence supports the trial court's determination that Cruz's consent was voluntary, we disagree.

"'Generally, a search based on voluntary consent eliminates the need for a search warrant or probable cause.'"[6]

> The State has the burden of proving the validity of a consensual search and must show the consent is given voluntarily. The voluntariness of consent is determined by looking at the totality of the circumstances, and the standard for measuring the scope of a suspect's consent is that of objective reasonableness. Mere acquiescence to the authority asserted by a police officer cannot substitute for free consent. And, we are required to scrutinize closely an alleged consent to search.[7]

---

[5] 295 Ga. App. 216 (671 SE2d 261) (2008).

[6] (Punctuation omitted.) *Mitchell v. State*, 289 Ga. App. 55, 58 (1) (656 SE2d 145) (2007).

[7] (Punctuation omitted.) *Durrence*, 295 Ga. App. at 217-218.

Here, the record shows that J. S. asked Cruz for consent to enter and search his hotel room, and he agreed. When he expressed his belief that he could not refuse their request, she asked, "[W]ell, I'm asking you now, can the deputies come and search with us," and Cruz agreed.

"There is no requirement that a defendant be informed of his right to refuse consent[. Instead], this knowledge is one factor to be considered in assessing voluntariness."[8]

> The Supreme Court of Georgia has consistently held that a trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. And we have held that in the absence of evidence of record *demanding* a finding contrary to the judge's determination, the appellate court will not reverse the ruling sustaining a motion to suppress. [Here,] the trial court's findings in the instant case are supported by the evidence, and the evidence does not demand a finding contrary to the trial court's decision. . . .[9]

2. Cruz also argues, for the first time on appeal, that even if he gave valid consent to the enter his motel room, the search of the laptop and computer discs was

---

[8] Id. at 218.

[9] (Citations and punctuation omitted; emphasis in original.) Id. at 218, quoting *State v. Stephens*, 289 Ga. App. 167 (657 SE2d 18) (2008), and citing *Woodruff v. State*, 233 Ga. 840, 844 (3) (213 SE2d 689) (1975).

invalid in the absence of a search warrant. Cruz did not make this argument at the suppression hearing, and the trial court did not address it in the order denying the motion for new trial.[10] "[When] challenging a trial court's denial of a motion to suppress, a defendant may not argue on appeal grounds that he did not argue and obtain a ruling on below."[11] Therefore, "[w]e cannot consider this argument."[12]

*Judgment affirmed. Reese, J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[10] We note that Cruz does not cite to his motion to suppress, and it does not appear to be in the appellate record. "'The appellant bears the burden of proving error by the appellate record.'" *Adams v. State*, 306 Ga. 1, 6 (2) (829 SE2d 126) (2019).

[11] (Punctuation omitted.) *Massey v. State*, 350 Ga. App. 427, 430 (2) (a) (827 SE2d 921) (2019), quoting *Bryant v. State*, 288 Ga. 876, 894 (13) (b) (708 SE2d 362) (2011).

[12] *Massey*, 350 Ga. App. at 430 (2) (a). We note, nevertheless, that "[o]nce consent is legally obtained, it continues until it is either revoked or withdrawn." *Woods v. State*, 258 Ga. 540, 542 (2) (371 SE2d 865) (1988). Cruz did not revoke his consent, and he disclaimed ownership of the seized items. See *Bohannon v. State*, 251 Ga. App. 771, 773 (2) (555 SE2d 112) (2001) (rejecting defendant's argument that a search exceeded the scope of consent because the defendant "disclaimed ownership of the [locked toolbox' and did not register any objection to the officers' search thereof").